1814.

MIX
v.
MIX.

———◦◦✻◦◦———

*July* 28th.

ISABELLA MIX *against* M. P. MIX.

Pending a bill by a wife, for a divorce, to which the defendant had demurred, and before a hearing on the demurrer, on the petition of the plaintiff, setting forth that she was abandoned by the defendant, and wholly destitute of all means of support, and for carrying on the suit, the court, under the circumstances of the case, ordered an allowance of *thirty* dollars a month, to be paid by the defendant to the plaintiff, monthly, or to the register, for her use, until the further order of the court.

THE petitioner stated, among other things, that she was a native of *England*, and, on the 9th, of *October*, 1808, intermarried, in that country, with the defendant, a citizen of the *United States*. The defendant dissipated her fortune, to the amount of more than 3,000 pounds sterling ; and they came together to the *United States*, in *June*, 1809, and returned again to *England*, in *January*, 1810, where the defendant left her, in *June*, 1810, destitute of the means of support, and returned to the *United States*. Before leaving

her, the defendant had treated her with great cruelty and barbarity, &c. In the summer of 1813, she followed the defendant to the *United States*, and in *December*, of that year, they cohabited together in *New-York*, for a few days, when he abandoned her again, refusing her all aid or support. Being informed that he led a dissolute and adulterous life, she exhibited a bill of divorce, in this court, in *April*, 1814, to obtain a dissolution of the marriage, on the ground of his adultery, and for general relief. The defendant appeared and demurred to the bill.

The petitioner further stated, that she was exposed to great distress for want of support, and was totally destitute of the means necessary to carry on her suit; that the defendant is an officer in the navy of the *United States*, and receives upwards of ·70 dollars a month, for his pay and emoluments, and praying that he might be ordered, forthwith, to pay her 500 dollars, to enable her to prosecute her suit, &c. The facts stated in the petition, were sworn to the 20th of *July*, instant.'

*Burr*, for the petitioner, cited 2 *Burn's Eccles. Law.* 433—436. *Oughton's Ordo Judiciorum*, 306., tit. 206. 309., sect. 7. 2 *Dickens' Rep.* 498. 582. *Cro. Car.* 16.

*Rodman*, contra.

THE CHANCELLOR. The statute gives this court jurisdiction over divorces, *a vinculo matrimonii*, for adultery, and over divorces, *a mensa et thoro*, for cruelty, *only in the case of parties of a certain designation and description.*(a)

(a) The first section of the act makes it lawful, in cases where *adultery* is committed by husband or wife, "they being the inhabitants of this state at the time of committing such adultery, or when the marriage shall have been solemnized, or taken place within this state, and the party injured an actual resident in this state, at the time the adultery is committed, and at the time of exhibiting the bill, to exhibit a bill for a divorce," &c., *a vinculo*, &c. And the 10th section provides, in the like circumstances, in case of *cruelty* and *inhuman treatment,* that a bill may be exhibited for a divorce, *a mensa*, &c.

(2 *N. R. L.* 197. s. 1 and 10.) Whether this be one of those cases in which the court is authorized to interfere and sustain the inquiry, remains yet to be ascertained. As the defendant has put in a demurrer to the bill, it would seem to be premature to make any order touching the maintenance of the wife, founded on the main subject matter of the bill, until the demurrer is disposed of. Perhaps, the court has no cognizance of the case, for the purpose of divorce. The bill goes for a dissolution of the marriage, on the charge of adultery, and in such cases the decree of divorce, under the statute, precedes a further decree or order for an allowance to the wife. But if no divorce can, or ought to be decreed, perhaps the bill may be sustained for alimony. The statute declares, " that whether the court shall decree a separation from bed and board, or not, it may make such order and decree, for the suitable support and maintenance of the wife and children, or any of them, by the husband, or out of his property, as the nature of the case may require." The petition states a case requiring immediate relief, as to support, and the existence of the relation of husband and wife must be deemed to be admitted. Though it would appear, from some of the cases referred to, and particularly those in *Oughton* and *Dickens*, that the courts, after the fact of the marriage is admitted, do allow to the wife a sum *for carrying on the suit*, as well as for intermediate alimony, and though I rather apprehend that this is a general rule, and applies whether the wife is plaintiff or defendant, in a suit with the husband, (*Fournel's Traite de l'Adultere*, 365.,) yet I do no not think I ought to go so far in this case, when even the jurisdiction of the court, over the question of divorce, remains unsettled. The plaintiff ought to set down her cause for hearing, upon the demurrer.

I am willing, for the present, and under the circumstances of this case, to direct a monthly allowance of 30 dollars to the plaintiff, to be computed from the 20th inst., (being the

date of the petition,) and to be paid monthly by the defend-
ant, to the plaintiff herself, or to the register, or assistant
register, of this court, for her use ; and that this allowance     WILKIN.
continue until the further order of the court.                         v.
                                                                   WILKIN.