## Dodge & a. *vs.* Griswold & a.

Where an issue in a suit in chancery is sent to the court below for the verdict of a jury, exceptions to the testimony submitted must be taken and certified back to the court, or such exceptions will be considered as waived.

Where an order issued from this court that the depositions then taken, with the bill and answer, might be used on the trial of such issue—*Held*, that the order did not preclude any exception to improper or inadmissible portions of the testimony, but was issued subject to such exception, as a matter of course, to be taken at the trial.

Whether in all issues of matters of fact in chancery either party is not entitled, by the constitution, to a verdict of a jury—*quere?*

Where the defendant, by his answer, negatives all fraud in a conveyance, the testimony of two or more witnesses, as to various facts tending to show fraud, and to overbalance such answer, is sufficient to sustain a verdict against the defendant.

In Equity.    Joel Griswold, one of the defendants, was defaulted.    George S. Griswold answered.    At the July

term of this court, 1840, an issue was formed and sent to the court below, to be tried by a jury, whether a deed, conveying certain land set forth in the plaintiffs' bill, and executed by Rebecca Griswold, 2d, to the defendants, was fraudulent as to the creditors, and the bill, answer, and testimony which had then been taken, in paper, was transmitted to the court below, with the order that it might be used on the trial of the issue. A verdict was found for the plaintiffs, and certified to this court, to aid in a final hearing and decree in the case.

At this term the defendants move that the verdict may be set aside and a new trial granted, because illegal and improper evidence was permitted to go to the jury; and because the verdict is against evidence, and is not warranted, either by the rules of law or principles of equity.

The testimony offered on trial being in paper, is made part of the case. Those portions of it excepted to sufficiently appear in the remarks of counsel and the decision of the court.

*Wilson, Chamberlain, & Leland,* for the defendants, contended that the order from this court, directing an issue to be sent to the jury, prescribed the evidence to be submitted to them, and that portions of this testimony were irrelevant, and improper for their consideration : That there was nothing in the testimony fixing any participation in the fraud on the part of George S. Griswold, so as to make the declarations of Joel Griswold evidence, and nothing in the testimony to overrule the weight of George S. Griswold's answer.

As to the effect of the verdict of a jury, they cited 3 *Bar. & Har. Dig.* 484, and that the application to set aside the verdict of the jury must be made to the court of chancery, and not to a court of law. 2 *Paige's Chan.* 482 ; 3 *Bar. & Har. Dig.* 483 ; 2 *Mad. Chan. Prac.* 367 & 8 ; 2 *Simons' Rep.* 319 ; 2 *Condensed Chan. Rep.* 434.

A court of equity is not restrained to rules of law, as to

Dodge *v.* Griswold.

setting aside verdicts.    2 *Mad. Chan. Prac.* 367, 381 ; 2 *Russell* 363 ; 3 *Condensed Chan. Rep.* 37.

*Vose, Hale, & Hubbard,* for the plaintiffs.

UPHAM, J.*    The substance of this case appears in the issue which was transferred to the court below for trial.    This issue was to determine whether a deed, purporting to convey a certain tract of land in Walpole, described in the plaintiffs' bill, and which is the same land attached by him, was fraudulent as to creditors.

The proper determination of this question is conclusive as to the whole case.    A verdict has been found against the defendants.    It is contended, however, that the finding is erroneous, and that it should not properly render any aid to the judgment or conscience of the court, in the decision betwixt these parties, but should be set aside, and a new trial granted, or the court should rescind the order sending the issue to the jury, and proceed of themselves to determine the matters in controversy, on their own views of justice and equity.

We shall waive, for the present, the question whether either party is not entitled, of right, to the trial of any issue in fact by the jury, under the provisions of our constitution. The 20th article of our bill of rights provides that "in all controversies concerning property, and in all suits between two or more persons, except in cases in which it has been heretofore otherwise used and practised, the parties have a right to a trial by jury ; and this method of procedure shall be held sacred, unless in cases arising on the high seas, and such as relate to mariners' wages, the legislature shall think it necessary hereafter to alter it."

The issue having been sent to the jury, on a question highly proper for their consideration, we should not, at this stage of the case, revoke the order to this effect, even ad-

* Ch. Jus. PARKER and Justice GILCHRIST did not sit.

mitting we had a constitutional right so to do. The verdict is, however, open to exception from any cause showing it to have been improperly rendered, either from misconduct of the jury, or the consideration of improper testimony, or wrong direction given by the court. But exceptions of this description should be taken at the court below, and properly certified to this court, for revision and adjudication here. In no other mode can we obtain the proper and authentic evidence of what transpired on the trial.

It is said that the evidence was not excepted to, for the reason that the testimony taken was transmitted to the court below, with the order that it might there be used on the trial of the issue. Such was the order. It never was supposed, however, that this precluded exception, on the part of the defendant, to any particular portion of the testimony, as irrelevant, improper, or inadmissible for any cause. It was not the proper province of the court to take exception in the outset to any part of the testimony, because such exceptions are left for the party to take in the progress of the trial, and when not taken are regarded as waived.

The exception taken to the order of the court is a general one, and goes merely to the competency or propriety of it as a general order, and cannot be regarded as an exception to particular portions of the testimony transmitted. Such exception should have been specifically made on the trial, which was not done.

Had such exception been taken, we have no belief it could have prevailed. We have as yet heard no portion of the testimony excepted to, but what we regard as strictly competent in the trial of the issue.

It has been contended that there was nothing in the testimony fixing any participation in the fraud on the part of George S. Griswold, one of the defendants, so as to make the declarations of Joel Griswold evidence against him. But these declarations of Joel Griswold, so far as any are in the case, all relate to transactions and acts done by Joel Gris-

wold, in which it is shown that George S. Griswold partici-
pated, and which the jury found were fraudulent, with his
knowledge, aid and assistance.

There was no evidence submitted to the jury but would
have been competent in the trial of any case at law, in a
conspiracy to defraud. So far as there has been any specifi-
cation of exception on this ground, we think it must be
overruled.

It has been farther contended, that there was no evidence
submitted to the jury competent to sustain a verdict against
the defendants, either under the rules of law or equity; for
the reason that there was no testimony in the case sufficient
to overrule the weight of George S. Griswold's answer, on the
ground that there must be more than one witness, directly
conflicting with the statements in his answer, otherwise he
must go purged of any fraud.

It is a well established rule, that the answer of the de-
fendant to a bill upon any matter in issue betwixt the par-
ties, is evidence in his favor. 2 *Fonb. Eq.*, *b.* 6, *ch.* 1, § 1,
*and note c;* 2 *Johns. Ch. Ca.* 127, 128; 2 *Vern.* 176,
*Marshfield* vs. *Weston;* and it is not only so, "but it is con-
clusive, unless it is overcome by the satisfactory testimony
of two opposing witnesses; or, what is holden to be equiv-
alent, the testimony of one witness corroborated by other
circumstances, or facts, which give to it a greater weight
than the answer." 2 *Story's Eq.*, *ch.* 47, § 1528; 1 *Bro.
Ch. Rep.* 52, *Pember* vs. *Mathers;* 2 *Atk.* 19, *Walton* vs.
*Hobbs;* 1 *Ves.* 97, *Arnot* vs. *Biscoe;* 18 *Ditto* 12, *Cooke* vs.
*Clayworth;* 9 *Cranch* 160, *Clark's Exrs.* vs. *Van Reims-
dyk;* 1 *Johns. Ch.* 459, *Smith* vs. *Brush.*

In this case, the issue betwixt the parties is, whether or
not the sale of certain real estate was executed with a view
to defeat, delay, or defraud creditors. In all such cases the
evidence almost uniformly consists of a variety of facts, de-
rived from different witnesses, the aggregate of which tend
to show a fraud; and where such evidence, as a whole, over-

balances the answer, it is a good foundation for a verdict. Such was the testimony submitted in this case. Numerous witnesses testified to various transactions, each severally tending to disprove the answer of the defendant. It is not necessary that the evidence should in terms negative the allegations of the answer. It is sufficient that distinct facts are shown from two or more witnesses conflicting with it. Facts thus derived from independent sources, are fully competent to overrule the answer. It was on such evidence that the verdict was found.

We see, therefore, no ground to set aside, or interfere with the verdict of the jury, for any cause shown ; but, in conformity with the verdict, we hereby adjudge the sale fraudulent, and decree that George S. Griswold and Joel Griswold be barred from setting up any claim, under the deed to them, to such portion of the premises mentioned in the deed as shall be duly set off upon execution, issued in the suit of the plaintiff ; and that George S. and Joel Griswold, on demand, after such levy, execute a sufficient deed of release to the plaintiff, of the portion of the premises embraced in the levy ; and that execution issue against the defendants for the plaintiffs' costs.