## MOORS *v.* MOORS.

An answer in chancery is not sufficient if it merely deny the plaintiff's case in the terms in which it is stated, but must be full and circumstantial.

An answer, containing discovery required by the plaintiff's case, is evidence for the defendant, so that no decree can be made, unless its force be overcome by evidence more than equivalent to the testimony of one witness.

If the bill states that a promissory note has been fraudulently obtained by the defendant for more than was due, and states the particulars of a settlement and what was found due, the defendant should, in his answer denying the plaintiff's case, state what matters were embraced in the settlement, especially if interrogated thereto.

IN EQUITY. The statements of the bill and answer, together with important testimony in the case, are set forth by the court in the opinion.

*G. Y. Sawyer*, for the plaintiff.

*A. F. Sawyer*, for the defendant.

WOODS, J. The plaintiff, in this suit, seeks to be relieved against a suit commenced at law by the defendant upon a promissory note of $1,025.52, signed by her, and delivered to him on the 18th day of October, 1840. The grounds upon which she claims the interposition of this court are, without any doubt, sufficient to entitle her to the relief sought, if the evidence is sufficient.

She states, in substance, that she had a settlement with the defendant on that day, relating to an item of rent, which he owed her, and an item of money, paid by him for taxes which she owed him, and a claim which was at first disputed, but afterward admitted by her, of $25, which he called on her to pay him for wood he had fur-

nished her father; that the balance due to him upon the adjustment of these items was about $10, for which she was willing to give her note, and for which she intended to give her note; but that, trusting her brother to write it, she, through his fraud, had been made to sign a note for $1,025.52, the subject of the controversy.

She states that she did not, at the time, owe him any further or other sum, and interrogates him as to whether there were any other demands or claims considered or included in the settlement, and if so, what? Whether there were any claims presented for money borrowed, and if so, what?

The answer of the defendant was quite full, and shows that he held two notes against the plaintiff at the time of the settlement, from the aggregate amount of which the small balance of accounts due her was deducted, and the note in question for the remainder, and that the old notes were given up to her to be canceled.

This allegation in the answer does not derive direct support from evidence; but, on the other hand, the plaintiff has produced one witness, who was present during the interview, and who appears to have had some knowledge of the business that was in progress, and who did not hear any mention made of the old notes, or of money borrowed by the plaintiff of the defendant on former occasions. This was Friend Moors.

His wife was also present a part of the time, and, although she heard conversation about rent and taxes, and wood, did not learn that the settlement comprehended the more important matters of the notes.

The testimony of these witnesses tends undoubtedly to sustain the allegations in the bill; that the three items of mutual account, which are described in it, were all that were comprehended in the settlement, and that the small balance resulting formed the only consideration for the note.

But that testimony has to be considered in connection with the defendant's answer, which, in this material point in the controversy, is in direct conflict with the allegations of the bill, and the question arises as to the weight that is to be allowed to the answer.

The general rule of law is quite clear, that when the answer controverts a material allegation of the bill, no decree can be made for the plaintiff, unless the answer in that particular is overborne by evidence that is more than equivalent to the testimony of one witness. 2 Story's Eq., sec. 1528; *Dodge* v. *Griswold*, 12 N. H. Rep. 577.

In order that the answer may have that force, it is necessary that the statement of the bill which it controverts be a material statement; that is, that it be essentially a part of the plaintiff's case, and that the answer, so far as it relates to the statement, contain such matters only as the defendant is required by the exigencies of correct pleading to embrace in his answer. Or, in other words, that it go to the point of discovery, to which the plaintiff is entitled, by the case that he has stated; for it is clear that a statement which the defendant volunteers is entitled to no such consideration as is accorded to an answer strictly responsive to, and clearly demanded by, the case of the plaintiff.

The plaintiff's case, as stated by the bill, is, that the note in controversy was obtained by fraud; that she did not intend to give such a note; that no such sum was due, and that no other demands than those which she enumerated were embraced in the settlement.

Now it is sometimes a question of difficulty to settle how far a defendant is required to go in his answer, and how far he may protect himself by saying that it is as particular as the plaintiff's question. Story's Eq. Pl., sec. 855, note. But one principle, well stated, and stated in the books in the various forms, is this: that a simple denial of the plaintiff's case literally, as stated, is wholly

insufficient. He must meet it with full and circumstantial denial, and not with a negative pregnant, which, while it controverts the case in the precise terms in which it is stated, is perfectly consistent with one not substantially differing from it.    Story's Eq. Pl., sec. 855; *Woods* v. *Morrill*, 1 Johns. Ch. 103.    As, if he be charged with the receipt of a sum of money, he must deny that he has received that sum, or any part thereof, or else setforth what part he has received.

· If to that part of the bill which stated what items were comprehended in the settlement, the defendant had said no more than that other items were comprehended, the plaintiff might still have had substantially the case made by the bill, and the answer yet have been true.

To that part of the bill which states that no more than the small sum named was due, the defendant was bound to answer, not only how much was due, but, to the best of his ability, upon what account it was due.    Such discovery is important to enable the plaintiff to amend her case, or to maintain it by disproving the consideration, which, of course, it is the more difficult to do before the defendant has been called on to specify it.    These obvious purposes of the discovery would have been defeated by a less explicit answer.

The answer, therefore, in discovering what matters were embraced in the settlement, contained no more than the defendant was bound by the statement of the plaintiff's case to set forth, or was, in other phrase, strictly responsive to the bill.

Although tending to sustain a material statement of the bill, we cannot say that the testimony of Friend Moors and his wife is in conflict with the answer in the particulars to which they in common relate.    Had those witnesses participated in the transaction ; had they, or either of them, had occasion or an interest to know its details, or had they even been so situated that they could

have known them with reasonable certainty, the case would have been different. As it was, it is not unreasonable to suppose that they might have heard more of the smaller items, that required and actually engaged discussion, than of the greater matters of the notes and interest, which might have been adjusted with fewer words, because of a nature to admit of no question.

It is plain that all that is stated in the answer, on the subject of the settlement, might have been strictly true, and yet the facts stated have wholly escaped the notice of both the witnesses. However their testimony, therefore, may tend to detract from the credit that might otherwise be due to the answer, it ought not to be considered as coming in direct conflict with it. The answer is the testimony of one directly to a fact, about which it is scarcely possible that he could have been mistaken, or that he could have forgotten. The testimony of the witnesses, on the other hand, is only to the point that they did not observe a transaction that it is certainly possible might have taken place without their observation.

Nor can we say that the case of the plaintiff derives material support from considering the other evidence which has been adduced by either party. No part of it goes to the point of sustaining the allegations of the bill against this denial in the answer, of the very essence of the plaintiff's case, even if we could say that the preponderance was in favor of the plaintiff, on the secondary matters on which it bears.

The conclusion is, that the plaintiff's case, having been denied by the answer, and not sustained by sufficient evidence, no decree can be pronounced in her favor.

*Bill dismissed without prejudice.*