RUMPING, APPELLANT, v. RUMPING, RESPONDENT.

(No. 2,797.)

(Submitted March 17, 1910. Decided March 26, 1910.)

[108 Pac. 10.]

*Divorce—Suit Money—Necessity—Proof—New Trial—Grounds —Equity Cases—Rulings on Evidence—Review.*

Divorce—Suit Money—Burden of Proof.
    1.  Defendant in an action for divorce was not bound to show affirmatively, on her application to have plaintiff pay into court money sufficient to defray costs already incurred and those to be incurred in presenting her motion for a new trial, that the application was made in good faith and that there was a probability of her ultimate success in the litigation, before the court could properly act upon it.
Same—New Trial—Grounds.
    2.  While the district court, in adopting the findings of the jury and making special findings of its own, in favor of plaintiff in a divorce suit, necessarily passed adversely on the grounds specified by defendant in her notice of intention to move for a new trial, to-wit, that the evidence was insufficient to justify the findings and decision of the

court, and that the decision was against law, it could nevertheless. again pass upon them in considering the motion.

Equity Cases—Rulings on Evidence—Review.

3. The rule that the supreme court will not order a reversal in equity cases on the ground that the trial court improperly admitted. or rejected evidence, has no application where the evidence in question was of import, and it is not reasonably apparent that the error complained of did not result in prejudice.

Divorce—Suit Money—Necessity—Proof.

4. On her application for suit money in an action for divorce, the movant must show a necessity for the allowance asked; if she has sufficient means of her own to meet the costs of suit, the application. should be denied.

Same—Suit Money—Allowance—When Error.

5. It was error to allow the wife a larger amount of suit money, in an action for divorce, than the testimony showed was necessary for the purpose to which it was to be applied.

*Appeal from District Court, Lewis and Clark County; J. Miller Smith, Judge.*

ACTION by John H. Rumping against Eva Rumping. From an order allowing defendant $50 suit money, and $150 to cover the cost of the stenographer's transcription of his notes, plaintiff appeals. Modified and affirmed.

In behalf of Appellant, there was a brief and oral argument. by *Mr. E. A. Carleton.*

*Messrs. Clayberg & Horsky* filed a brief in behalf of Respondent; *Mr. John B. Clayberg* argued the cause orally.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

This cause was heretofore before this court on appeal by defendant from a judgment in favor of the plaintiff. (*Rumping v. Rumping,* 36 Mont. 39, 91 Pac. 1057, 12 L. R. A., n. s., 1197, 12 Ann. Cas. 1090.) The judgment was reversed, and thereafter the defect in the complaint, which was pointed out by this court, was cured by amendment. The cause, having been brought to issue and transferred to Lewis and Clark county for trial, was tried, and a general verdict in plaintiff's favor returned. The district court adopted the jury's finding, made .

some specific findings of fact, and rendered judgment in plaintiff's favor, dissolving the bonds of matrimony. On April 5, 1909, the defendant gave notice of her intention to move for a new trial, specifying as the grounds thereof (1) insufficiency of the evidence to justify the findings made; (2) insufficiency of the evidence to justify the decision of the court; (3) the decision of the court is against law; (4) errors of law occurring at the trial and excepted to by this defendant; and further gave notice that the motion would be made upon a bill of exceptions thereafter to be prepared. On April 10, the defendant filed and served her notice of motion, and motion for an order of court directing the plaintiff to pay into court, for the use of defendant, an amount of money sufficient to defray costs already incurred, to pay further expense of litigation, and to pay for a transcription of the stenographer's notes of the testimony and proceedings had upon the trial, for the preparation of her bill of exceptions. This motion was supported by the affidavit of defendant, which, after itemizing the expense already incurred, alleges that the transcript of the stenographer's notes will cost ''approximately $100,'' and that to further prosecute her motion for new trial will cost her $50. Upon the hearing of this motion affidavits, oral testimony, and documentary evidence were presented, and upon consideration thereof the court made an order allowing the defendant $50 for suit money, and $150 to cover the cost of the stenographer's transcription of his notes. From this order the plaintiff appealed.

Section 3677, Revised Codes, provides: ''While an action for divorce is pending the court or judge may, in its or his discretion, require the husband to pay as alimony any money necessary to enable the wife to support herself or her children, or to prosecute or defend the action.'' Appellant concedes that under the provisions of this section the allowance of money to the defendant to carry on the litigation with the plaintiff was a matter within the sound legal discretion of the trial court or judge, but insists that before the order could properly be made,,

these facts must appear: (a) That the application is made in good faith; (b) that there is a probability of defendant's success; and (c) that the allowance is necessary. If by this we are to understand counsel for appellant to contend that upon the hearing of the motion the burden is upon the moving party to make these facts appear affirmatively, then we do not agree with him, except as to the third one, and think the authorities do not support his position. The subject is treated at length in 14 Cyc. On page 754 the author says: "If it appears to the satisfaction of the court that the suit by the wife has not been instituted in good faith to secure a divorce, but merely to collect money from the husband, or to compel him to support her, alimony *pendente lite* will not be allowed." Again, on page 753, it is said: "No allowance for temporary alimony should be made, if it appears of record that the suit of the applicant, or the defense interposed by her, as the case may be, is without any just or reasonable foundation, so that there is no probability of her success." It will be observed that these rules do not, either expressly or by implication, impose upon the moving party the burden of showing affirmatively the facts mentioned. Our Code gives to the losing party— the defendant in this instance—the absolute right to move for a new trial, even in an equity suit, if she complies with the statute relative to the procedure, and whatever criticism may justly be made of the practice, so long as it is authorized by law, the right cannot be denied to a litigant.

It is aptly said that the first, second and third grounds of the motion for a new trial were necessarily passed upon by the court adversely to the defendant, when that court adopted the finding of the jury and made its special findings in plaintiff's favor; and, while this is true, the same court may nevertheless again pass upon them, in considering the motion for a new trial. (*White* v. *Barling*, 36 Mont. 413, 93 Pac. 348.)

It is said by counsel for appellant in his brief: "The fourth and last ground, 'errors of law occurring at the trial,' etc., is likewise unavailing, for the reason that in an equity case er-

rors in admitting or excluding evidence are no ground for reversal. If, upon the whole case, the conscience of the chancellor ·is satisfied that justice has been done, the law is satisfied, and the judgment cannot be reversed''—and *Merchants' Bank* v. *Greenhood,* 16 Mont. 395, 41 Pac. 250, is relied upon. In the case just cited this court said: "This court will not grant a new trial merely on the ground that the judge received improper testimony on the trial of the issue, or that he rejected that which was proper, if, on the whole facts and circumstances, the chancellor is satisfied the result ought not to have been different if such testimony had been rejected in the one case or received in the other." The same rule is stated in *Montana Ore Pur. Co.* v. *Boston & Montana C. C. & S. Min. Co.,* 25 Mont. 427, 65 Pac. 420. But in the later case of *Anaconda Copper Min. Co.* v. *Heinze,* 27 Mont. 161, 69 Pac. 909, this court, in speaking of the rule as announced in 25 Mont. above, said: "This rule, however, has no application where the error complained of is fundamental, and it is not reasonably apparent that it did not result in prejudice. If the evidence admitted or excluded is trifling or unimportant as compared with the competent evidence admitted and considered, and if its exclusion or admission could not have affected the result reached, the judgment or order appealed from will not be reversed on the ground of error in admitting or excluding it. Where, however, the evidence in question is of import, and by the ruling of the court thereon it is made reasonably apparent that it was so regarded by the court, and for that reason probably affected the result reached, the judgment or order based upon it cannot be sustained. The statement made in the case cited is not properly guarded, but it must be interpreted in the light of the conditions there presented. So interpreted, it is apparent that this court did not intend to lay down the broad declaration that a judgment or order made in an equity case will never be reversed upon appeal, on the ground that the trial court has erred in admitting and excluding evidence."

So that, in the present case, if the trial court upon hearing
the motion for a new trial should conclude that substantial
error had been committed upon the trial of the case, it not
only could, but it would be its duty to, grant a new trial.
Whether or not there is any probability of such result being
reached, we cannot have any means of knowing. The record
of the trial is not before us; but from the fact that the judge
who presided at the trial of the case on the merits also granted
this order we must assume that he, who was familiar with all
the proceedings, deemed that there are for presentation, on the
motion for new trial, questions which are fairly debatable.
While the evidence adduced upon the hearing of this motion
tends to show that the underlying motive which prompts the
defendant in prolonging the litigation is a desire to harass the
plaintiff and to burden him with costs and expenses, we are
not prepared to say that the proof is so far conclusive that
she ought to be denied the means of presenting her motion
for a new trial, so long as the trial court evidently deemed the
motion not altogether without merit.

We agree with counsel for appellant that it was incumbent
upon the moving party to show the necessity for the allowance.
In 14 Cyc. 752, it is said: "The wife must show upon her ap-
plication for temporary alimony that she has no means under
her control sufficient to maintain herself pending the litiga-
tion. If she has sufficient means of her own to provide for
her separate maintenance, no such alimony will be allowed."
It is conceded, also, that the rules governing allowances for
suit money and expenses of litigation are the same as those
which apply to allowances made for temporary alimony.

The evidence offered on the hearing of this motion discloses
that the cost of the transcription of the stenographer's notes
of the proceedings will be approximately $100. The order
makes an allowance of $150 for that purpose. It is scarcely
necessary to say that a court is never warranted in allowing
more than is necessary for the purpose to which it is to be
applied; and we imagine that the amount of the order was a

mere clerical misprision, and should be corrected to correspond with the proof. If it should hereafter appear that $100 is not sufficient to meet the particular purpose, the court can, and doubtless will, make a further order covering the deficiency; but, upon the record as it now stands, the cause should be remanded to the district court, with directions to modify the order, by decreasing the amount thereof, for transcribing the stenographer's notes, from $150 to $100, and as thus modified the order should be affirmed, and it is so ordered. Had the appellant called to the attention of the district court or judge the mistake in the order which we have just considered, doubtless it would have been corrected and the expense of this appeal avoided. As he did not do so, he will be taxed with the costs of the appeal.

*Modified and affirmed.*

Mr. Chief Justice Brantly and Mr. Justice Smith concur.