SZYMANSKI VS. SZYMANSKI, Appellant: BRZONKALA, Respondent. ·

*October 12—October 29, 1912.*

*Divorce: Reconciliation of parties: Attorney's fees: Continuing action to enforce payment: Amount: Duty of attorneys.*

1. Where the parties to a divorce action settled their differences and became reconciled within two days after the summons was served and, before the papers were filed in court, the plaintiff wife directed her attorney to dismiss the suit and the husband offered to pay the attorney what his services were reasonably worth, it was an abuse of discretion to continue the action at the request of the attorney merely for the purpose of enforcing payment of attorney fees.

2. Where in such case the services of the attorney, who had been a lawyer for but three years, consisted merely in hearing the wife's story and in drafting the summons, complaint, an affidavit, and an order to show cause, a fee of $75 offered by the husband was ample.

3. It is the duty of counsel in divorce cases to promote settlement and reconciliation of parties wherever possible, even at the sacrifice of fees when necessary, and such counsel should not unnecessarily make public the domestic discords which are condoned by the settlement.

APPEAL from an order of the circuit court for Milwaukee county: J. C. LUDWIG, Circuit Judge. *Reversed.*

For the appellant there was a brief by *Lorenz & Lorenz,* and oral argument by *Ira Lorenz.*

*Walter Schinz,* for the respondent.

TIMLIN, J. A summons, complaint, affidavit, and order to show cause returnable November 11, 1910, in this suit for divorce were served upon defendant at 4:30 o'clock p. m. on November 7, 1910. The attorney for plaintiff was *Mr. Peter S. Brzonkala.* The defendant attempted to find his wife's attorney for the purpose of making a settlement on the evening of November 7th, but failed to find him, and was at his office

for the same purpose at 7:30 or 8 o'clock the next morning. To quote from the brief of counsel opposed to him in this court, he "begged that a reconciliation be effected, and asked *Mr. Brzonkala* to call the plaintiff and explain that the defendant was ready to take everything back and apologize for his conduct so that a reconciliation could be effected." The testimony of *Mr. Brzonkala* differs very materially from that of plaintiff and defendant in several important particulars, and we do not intend to pass upon any question of credibility. But it may be safely set down that the efforts of the defendant to effect a reconciliation with his wife were immediate, earnest, and constant, and that *Mr. Brzonkala* either opposed or gave no aid to such reconciliation, and that husband and wife settled their differences and became reconciled on the 9th or 10th of November, 1910. The defendant offered *Brzonkala* $75 for attorney fees, which the latter refused. *Brzonkala* had been a lawyer for three years and seemed to think his services were worth $50 per day. Unable to come to any settlement with *Mr. Brzonkala,* the husband and wife resumed their marital relations and she notified *Brzonkala* to dismiss her divorce suit. He refused to do this, but instead filed the papers against her wish in the circuit court, paid the clerk's fees and suit tax out of his own funds, and on January 3, 1911, applied for and obtained on January 30, 1911, against the objection and exception of the defendant, an order requiring the defendant to pay him the sum of $150 "in full payment for services rendered to him in the above entitled action as attorney for the above named plaintiff." From this order defendant appeals.

In a divorce case as in other cases the circuit court has no doubt jurisdiction to refuse to allow a plaintiff to arbitrarily discontinue his action. *Linden L. Co. v. Milwaukee E. R. & L. Co.* 107 Wis. 493, 83 N. W. 851. To thwart an attempt to defraud an attorney by a collusive settlement might be a very good reason for exercising this jurisdiction even in a di-

vorce case. *Clark v. Burke,* 65 Wis. 359, 361, 27 N. W. 22. But there is no such case here. Where the husband as plaintiff sought leave of court to discontinue a divorce case which he had been carrying on against the wife, and she, opposing the discontinuance, showed that she had in defending this action paid out some attorney's fees and incurred others and that there was alimony in arrears from him, an order of discontinuance was properly conditioned upon the payment of such alimony and a reasonable amount of suit money. *Schulz v. Schulz,* 128 Wis. 28, 107 N. W. 302. Again, there is no such case here. This case is one in which the defendant, as soon as he learned of the divorce suit, made constant efforts to settle it, not surreptitiously or collusively, but with his wife and her attorney. The husband and wife effected a settlement and reconciliation within two days after the service of the summons and complaint and before the domestic broil had been made public by filing the papers in court. The defendant offered to the attorney for his wife a reasonable attorney's fee and the wife ordered this attorney to discontinue the suit. Under such circumstances it was an abuse of discretion on the part of the trial court to continue the divorce suit at request of the attorney for plaintiff therein for the purpose of collecting or compelling payment of his attorney's fees.

The policy of the law favors the reconciliation of the contending spouses, the confidential and private character of transactions and communications between them, the resumption and continuance of the marriage relation, the solidarity of the family, and the end of litigation, especially divorce litigation. These are weighty matters when thrown in the scale against mere attorney fees. There is some indication in the record that *Mr. Brzonkala* does not yet quite fully understand the duties of counsel in a divorce case. This must be attributed to his youth and inexperience, not to any fault of character. Such counsel should promote settlement and

reconciliation of parties wherever possible, even at the sacrifice of his fees when necessary. He should not unnecessarily make public the domestic discords which are condoned by the settlement. There seems to be apparent in this case as well as in some others which have come before us, a notion that any young gentleman two or three years out of the law school has a right to charge at the rate of $50 per day for his services because men of age, experience, and established reputation and capacity to perform much legal work in one day sometimes or ordinarily receive that much. But this is not correct. It does not require long time or great skill to hear the story of cruel and inhuman treatment which forms the basis of a divorce suit nor to draft a summons, complaint, affidavit, and order to show cause in such an action. The amount asked for such services by *Mr. Brzonkala* was exorbitant; the amount allowed by the circuit court was excessive; the amount offered by the defendant ($75) ample.

Our divorce statute, sec. 2361, Stats. (1898), speaks of orders made during the pendency of the action for suit money to enable the wife to carry on the action. The pendency of the action, it is true, may be prolonged by a refusal to permit its discontinuance based upon sufficient cause. To prevent wrong or to do equity the words "to enable her to carry on the action" may include reimbursement to her of moneys theretofore paid by her for the purpose mentioned or might include liabilities incurred by her for a like purpose, as in *Schulz v. Schulz, supra.* But these are exceptional situations. When the parties litigant in a divorce action have become reconciled and they have effectually settled the litigation as between themselves within two days after the suit was begun and before any matter in the action was presented to the court and before the papers were filed in court, and the defendant (husband) has offered to pay his wife's attorney all that the latter was reasonably entitled to for the services performed, it will be held an abuse of discretion to continue

the divorce case merely for the purpose of enforcing payment of attorney fees. The following cases may be consulted, compared with those heretofore cited and distinguished: *Reynolds v. Reynolds,* 67 Cal. 176, 7 Pac. 480; *McCulloch v. Murphy,* 45 Ill. 256; *Beaulieu v. Beaulieu,* 114 Minn. 511, 131 N. W. 481.

*By the Court.*—Order reversed, and the cause remanded with directions to enter an order of discontinuance.