## Roush v. Roush.

*Jay G. Weiser* and *Henry J. Sommer*, for libellant.
*Harry A. Coryell*, for respondent.

POTTER, P. J., Sept. 14, 1929.—This action for divorce is brought on the ground of cruelty and barbarous treatment, with which, at this stage of the proceedings, we have nothing to do.

We have an application to strike off the libel for the reason that in the affidavit the name of "Adolph Borrisen" was inadvertently typed as the respondent instead of "Noah Roush." On motion, we allowed the affidavit to be amended by the insertion of the name of the respondent, which disposes of this rule.

We also have a rule for counsel fees, which is the main contention. We have no legal enactment allowing counsel fees in this State. The allowance of this item is simply a creature of general practice in divorce proceedings, adopted by the courts in the administration of justice to enable a destitute wife to procure counsel in order to defend, without which a miscarriage of justice might occur. The practice has been to direct the husband, who is the libellant, to pay to his destitute wife, the respondent, such sum as will enable her to procure legal counsel to defend her good name as well as her position in the family, the proceedings to stay till such payment is made. Or counsel fees may also be allowed to a destitute wife who is the libellant to enable her to prosecute her suit against an erring husband, but it is to be noted that the wife must be in *destitute* circumstances financially. If she has ample means of her own, we see no necessity for the allowance, and more so if the means of the husband are barely sufficient to sustain him when the wife is the libellant. In the case at bar, the wife is alleged to own real estate worth approximately $20,000, the rentals of which belong to her mother, aged approximately ninety-two years, whose business is handled and transacted by her daughter, the libellant herein. It is alleged that when these parties were married, recently, both having been before married, the respondent had $4000 in investments which he was persuaded to turn over to his wife. Be he ever so foolish for so doing, the facts remain that he did so. He owns no real estate nor property of any kind, lives with his daughter by a former marriage, and draws $57 a month from the Pennsylvania Railroad Company as a pension. These facts are not disputed.

Which of these two is the more destitute? In these days of high living, $57 a month on which to pay boarding, buy clothing and small incidentals will be consumed in the support of this respondent and may not reach. Economy is necessary to make it do so.

The rule will not be applied where the wife is seeking a divorce for cruel treatment: Downing *v.* Downing, 7 Kulp, 138. A wife will not be allowed

350

alimony *pendente lite* and counsel fees where she has a sufficient estate, although the husband's means may be greater: Bucher *v.* Bucher, 25 Pa. C. C. Reps. 513; Salsberg *v.* Salsberg, 10 Kulp, 378. It is the uniform practice to allow a wife, destitute of separate estate, counsel fees: Breinig *v.* Breinig, 26 Pa. 161; Kaufmann *v.* Kaufmann, 76 Pa. Superior Ct. 603.

From the facts presented to us, we are led to the conclusion that this wife, the libellant, has far more means and estate than the husband, the respondent, and that she is far more able, financially, to prosecute her suit than he is to defend, for which reason we do not think counsel fees should be allowed. Let us again say that it is only where the wife is without means to employ counsel that counsel fees are allowed, without which injustice may be done her.

And now, to wit, Sept. 14, 1929, the rule to strike off the libel and the rule for counsel fees are both discharged.

From A. Francis Gilbert, Middleburg, Pa.