LUELLA CRUM, Plaintiff and Respondent, v. E. J. CRUM, Defendant and Appellant.

No. 10092.

Submitted May 5, 1960. Decided June 2, 1960.

352 Pac. (2d) 988.

Rognlien & Hash, Kalispell, for appellant. D. Gordon Rognlien, argued orally.

Rockwood & Sykes, Kalispell, for respondent. Robert C. Sykes, argued orally.

MR. CHIEF JUSTICE HARRISON delivered the Opinion of the Court.

This is an appeal from an order entered in the district court of the eleventh judicial district, in and for Flathead County. Plaintiff sued defendant for divorce and caused an order to show cause to be issued for temporary alimony, attorneys' fees and costs of the action. Defendant contends on this appeal that the plaintiff has sufficient funds to provide her own attorneys' fees.

The evidence adduced at the hearing is not included in the record before us, but from the transcript we can ascertain certain facts. Apparently defendant was in possession of certain cash and securities which were the property of the plaintiff, amounting to the approximate sum of $36,000.

The court issued the order to show cause based upon the verified complaint of the plaintiff. There is no allegation in the complaint which in any manner refers to the defendant having in his possession any property of the plaintiff, nor is there any statement in the order to show cause with reference thereto. Following the hearing, the court entered the order from a portion of which this appeal was taken. In such order, dated July 8, 1959, the court made provision for the payment of a monthly sum for the support of the wife commencing July 15, 1959; ordered defendant to deliver to plaintiff the personal property on or before July 15, 1959; ordered payment by defendant to plaintiff of the sum of $1,000 for attorneys' fees on or before August 1, 1959, and reserved the right to increase such allowance at a later date during the pendency of the action, which is the portion of the order appealed from, and ordered defendant to pay plaintiff the sum of $35 as and for court costs on or before August 1, 1959, again reserving the right to increase such allowance during the pendency of the action.

The receipt covering the personal property is dated July 15, 1959, so it is apparent that upon the day the court made and entered its order, so far as the record before us shows, the plaintiff did not have in her possession the cash and securities.

R.C.M.1947, § 21-137, in part, provides as follows:

"While an action for divorce is pending the court or judge may, in its or his discretion, require the husband to pay as alimony any money necessary to enable the wife to support herself or her children, or to prosecute or defend the action."

It is the contention of the defendant that the words "any money necessary" clearly means that the wife must show that she does not possess sufficient means to support herself and defend or prosecute the action before the court can require the husband to make provision therefor.

The plaintiff contends, however, that a proper construction would be that it is incumbent upon the wife to make a showing that the requested expenditures are necessary, in other words, required, and that whether or not the wife has independent means from which she can pay the same is immaterial.

So far as this appeal is concerned, appellant maintains respondent can hire and has sufficient means to pay her own attorney, and that there is therefore no necessity for the husband to be saddled with such expense; whereas, respondent maintains that upon a showing that it is necessary for the wife to have an attorney to prosecute her action, and the reasonable costs thereof, that under the wording of the statute, the court is permitted to require the appellant to pay a reasonable attorneys' fee because it is necessary that the wife have such service in order to properly prosecute the action. To put it another way, do the words "any money necessary" as used in the statute refer to the necessity of the expenditure or the financial inability of the wife to pay the expense?

This court, many years ago, in the case of Rumping v. Rumping, 41 Mont. 33, 108 P. 10, declared that the rules governing allowances for suit money and expenses of litigation are the same as those which apply to allowances made for temporary alimony.

We have here two positions, the first, the provision in the court's order for temporary support and court costs under the rule is accepted by the appellant and no appeal taken, and

second, under the same rule the provision for attorneys' fees is challenged. These two positions are inconsistent. Under the statute, all are addressed to the discretion of the court. If the plaintiff has sufficient funds to pay her attorneys why does she require costs and an allowance for her support? It is obvious, if there is any answer to this question, it can only be found in the record made in the district court upon the hearing, the absence of which here precludes us from a review thereof.

The order of the district court is affirmed.

MR. JUSTICES BOTTOMLY, ADAIR, ANGSTMAN and CASTLES concur.