# CAREY *v.* CAREY.

### HUSBAND AND WIFE: SUPPORT AND MAINTENANCE.

It is the duty of the husband, so long as the relation of husband and wife lasts, to provide for the support and maintenance of the wife and of their minor children; and the law does not recognize violent temper or violent and unreasonable conduct on the part of the wife as relieving the husband from the performance of that duty.

No. 546.     Submitted April 10, 1896.     Decided April 16, 1896.

HEARING on an appeal by the defendant from a decree awarding alimony in a proceeding under the act of Maryland of 1777, ch. 12, in force in this District. *Affirmed.*

The facts are sufficiently stated in the opinion.

*Mr. E. H. Thomas* and *Mr. Edmund French* for the appellant.

*Mr. A. A. Lipscomb* and *Mr. Philip Walker* for the appellee.

Mr. Justice MORRIS delivered the opinion of the Court:

This is an appeal from a decree of the Supreme Court of the District of Columbia awarding alimony, rendered in proceedings instituted under the Act of Assembly of Maryland of 1777, chapter 12, in force in the District of Columbia.

It appears from the record that the appellee, Susan M. Carey, filed her bill of complaint on February 6, 1895, for the purpose of compelling the appellant, Thomas C. Carey, to pay to her a sum sufficient for the maintenance of herself and her minor children, of whom there were three, besides a son, who had just become of age. She alleged desertion

by him of her more than three years before the filing of the suit without any just cause, and failure by him thereafter to resume his marital relations.    She alleged also that he was a clerk in the Treasury Department, receiving a salary of $75 a month and a pension from the United States of $12 a month ; and that, although he had formerly contributed $37.50 a month to the support of the complainant and the family, he now refused to contribute anything whatever to their support ; and she averred that she had no separate estate from which to support herself and her minor children.

The defendant in his answer admitted that he had separated from the complainant on January 18, 1892, and that no marital relations had thereafter subsisted between them. But he averred that the separation was due to the complainant's violent temper ; and that, on two subsequent occasions, once during the summer of 1892, and a second time during the month of February, 1893, and on the sixth day thereof, which was just two years before the day of the institution of this suit, he had made overtures to the complainant for a resumption of their marital relations, or for some kind of a reconciliation or compromise.    And the residue of his answer is mainly devoted to a statement of their financial relations, which it is unnecessary here to detail.

The testimony taken on behalf of the complainant consisted of the depositions of the two older children of the parties, one a young man of the age of 21 years, and the other a girl of the age of 20 years.    This testimony was to the effect that, in consequence of disagreements about money matters, and violent quarrels, the parents had separated about the end of the year 1891, the father leaving the mother ; that the children, besides the two who testified, were two girls 9 and 7 years of age, respectively ; that the appellant's income was as stated in the bill of complaint ; that his last contribution to the support of the family was the sum of $20 in December, 1894 ; and that he thereafter

refused to make any contribution to such support, and gave the appellee to understand that she might go the courts for relief, if she so desired.

The testimony on behalf of the appellant was confined to proof of a letter written by him to the appellee on February 6, 1893, wherein he made advances to her for a reconciliation, which she declined to entertain, unless he would consent to let her have the disbursement and collection of his entire salary. And the testimony in rebuttal had reference simply to some negotiations attempted in June of 1892, which amounted to nothing, and some statements made by the appellant in June of 1894, about his intention to get a divorce.

Upon this testimony the Supreme Court of the District of Columbia decreed that the appellant should pay alimony to the appellee for her maintenance the sum of forty dollars per month, commencing on the first day of January, 1896. From that decree appeal has been taken to this court.

The appellant in his brief takes pains to say that " he asks for no reduction of the alimony awarded. He seeks only a vindication of his conduct by a dismissal of the bill." This, of course, could only be upon the theory that his attempt at reconciliation with the appellee on February 6, a 1893, and the appellee's refusal to entertain his proposition, released him thereafter from all liability to provide for his wife and minor children ; and such a theory is plainly untenable. If the letter of February 6, 1893, was written in good faith and with an honest purpose on the part of the appellant to resume his marital duties and his parental obligations ; and if, on the other hand, the conduct of the appellee, in refusing to entertain his overtures, was unreasonable and not justified by the circumstances, he would certainly have had just ground of complaint. But in regard to that we need express no opinion ; and the record probably does not supply a foundation for the expression of a definite opinion. This attempt at reconciliation was only an

episode in the relation of the parties, without significance in regard to the question now under consideration; and the appellant himself evidently so regarded it, for it made no difference in his financial arrangements, and does not seem to have caused him then or for nearly two years afterwards to intermit his payments to the appellee for her support and that of her minor children.

The relation of husband and wife subsists between these parties; and notwithstanding their unfortunate differences, the duty of the appellant remains unimpaired, so long as that relation lasts, to provide for the support and maintenance of the appellee and of their minor children. That is a duty which the law imposes upon him; and the law does not recognize violent temper or violent and unreasonable action on the part of the appellee as dispensing him from the performance of that duty. Least of all can this duty be pretermitted with regard to the helpless children of this unfortunate alliance. Now, it is not sought in any manner to be controverted by the appellant that in January of 1895 he repudiated this duty and refused thereafter to perform it. In this he was undoubtedly at fault, whatever may have been the condition of previous estrangement or previous provocation; and the decree of the court below requiring him to perform this duty was without reference to any such previous estrangement or supposed provocation.

We regard that decree as right and just; and we think that it ought to be *affirmed, with costs. And it is so ordered.*