## TOWSON v. TOWSON.

(Court of Appeals of District of Columbia. Submitted April 3, 1919. Decided May 5, 1919.)

No. 3227.

1. DIVORCE ⊂⇒243, 302—SUIT FOR LIMITED DIVORCE—DENIAL OF DIVORCE—ALIMONY AND CUSTODY OF CHILDREN.

In a suit by the wife for limited divorce, where the court finds that her allegations are not sustained, it is without power to award her the exclusive custody of children and permanent alimony for her and their support.

2. HUSBAND AND WIFE ⊂⇒283(1) — SEPARATE MAINTENANCE — STATUTORY RIGHT.

Code of Laws D. C. 1901, § 980, providing that wherever a husband shall fail or refuse to maintain his wife and minor children, although able to do so, the court, on application of the wife, may commit the children to her care and award her a sum for maintenance, authorizes such relief only on a finding of the husband's dereliction.

3. DIVORCE ⊂⇒221—SUIT BY WIFE—COSTS AND ATTORNEY'S FEES.

Under Code of Laws D. C. 1901, § 975, a wife is entitled to costs and reasonable attorney's fees in a suit for divorce brought by her, although unsuccessful.

Appeal from the Supreme Court of the District of Columbia.

Action by Nannie Campbell Towson against Richard M. Towson. Decree for plaintiff, and defendant appeals. Reversed.

Crandal Mackey, of Washington, D. C., for appellant.

D. S. Mackall and J. Barrett Carter, both of Washington, D. C., for appellee.

SMYTH, Chief Justice. Nannie Campbell Towson sued her husband, Richard M. Towson, for a divorce a mensa et thoro, alimony, and the custody of their son, aged 15. She charged him with cruelty, and alleged that he had not contributed anything towards her support from the 16th of September, 1916, which was six days before she instituted her suit. It was further stated by her that she and her husband had separated in the previous June; she going with her son to board in the country during the rest of the summer. In his answer he denied all her charges, and asserted that he at her request accompanied her to

⊂⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

the train on the occasion of her visit to the country referred to in her petition, and supplied her with funds during her stay, which lasted till September 16th. He further said that he had provided a suitable home for his family.at Alexandria, Va., and had invited her to join him there upon her return from the country, but that she failed to do so. The court in its opinion reviewed at considerable length the testimony given by both parties, and, finding that the wife had failed to sustain any of her allegations of wrongdoing, concluded its opinion with these words:

"I shall refuse the prayer for a limited divorce, but, if it is asked in behalf of the wife, I shall make a decree, if it is within the scope of the bill, and the prayers of the bill are sufficiently wide, requiring him to continue his support of her."

Mrs. Towson accepted the suggestion of the court, and accordingly a decree was entered, denying her a legal separation, but granting her permanent alimony for the support of herself and her son, and giving her the custody of the child, subject to the right of the father to visit him at stated times.

[1] We have, then, a decree for the separate maintenance of the wife, where the court found that the husband had not been guilty of cruelty and had not failed to support her, and where the record discloses, without contradiction or question, that he had provided a proper home for her which she might use if she pleased. The question thus raised is not new. It has been before the courts many times. In Davis v. Davis, 75 N. Y. 221, it was said:

"The question presented for our determination is whether the court, in an action for a limited divorce brought by the wife against the husband, after having.denied the principal relief sought, on the ground that the evidence does not establish any of the causes for which a separation can be adjudged, may nevertheless, by its judgment in the action, award to the plaintiff the custody of the children of the marriage, and make provision for their maintenance out of the property of the husband."

After a careful consideration of the question the court concluded thus:

"It would be an anomaly in legal proceedings to allow a complainant, who had failed to establish a claim to the principal relief sought, to have a decree against the defendant for the mere incidents to that relief. In this case the plaintiff, by her suit, invoked the jurisdiction of the court to grant her a separation under the statute. She has failed to make a case for a divorce, and the defendant was, we think, entitled to a judgment of dismissal. The court was not authorized, in this action, after having denied judgment of separation, to award to the plaintiff the custody of the children, or make a decree for their support."

Other pertinent decisions are Keppel v. Keppel, 92 Ga. 506, 17 S. E. 976; Newman v. Newman, 69 Ill. 169; Wagner v. Wagner, 34 Minn. 442, 26 N. W. 450; Wilde v. Wilde, 2 Nev. 306; Bishop on Marriage and Divorce, vol. 2, p. 1002; Chestnut v. Chestnut, 77 Ill. 349.

[2] Is this rule changed by section 980 of the Code, which provides:

"Whenever any husband shall fail or refuse to maintain his wife and minor children, if any, although able so to do, the court, on application of the wife, may decree that he shall pay her, periodically, such sums as would be

allowed to her as permanent alimony in case of divorce for the maintenance of herself and the minor children committed to her care by the court, and the payment thereof may be enforced in the same manner as directed in regard to such permanent alimony."

This section has been held by us in Tolman v. Tolman, 1 App. D. C. 299, to mean precisely what it says. Under it the power of the court to grant separate maintenance can be exercised only where the "husband shall fail or refuse to maintain his wife and minor children, if any, although able so to do." The husband here has not been guilty of any delictum in this respect. He is willing to provide his wife with suitable maintenance according to his means, and the court in effect has so found.

The statute does not say that, if the wife without cause sees fit to leave the home established by her husband, he is obliged to support her apart from him. "The general rule is," says Tiffany on Domestic Relations, 188, "that on marriage" the husband "has the power to establish the family domicile and it is the duty of the wife to follow him." The Supreme Court of the United States in Atherton v. Atherton, 181 U. S. 155, 164, 21 Sup. Ct. 544, 547 (45 L. Ed. 794), used this language:

"If a wife is living apart from her husband without sufficient cause, his domicile is in law her domicile;" and it is "hard to see how, if she unjustifiably refused to live with her husband, * * * she could lawfully acquire in his lifetime a separate domicile in another state," etc.

See, also, Cheely v. Clayton, 110 U. S. 701, 705, 709, 4 Sup. Ct. 328, 28 L. Ed. 295; Town of Watertown v. Greaves, 112 Fed. 183, 50 C. C. A. 172, 56 L. R. A. 865.

The husband discharges his full duty when he provides as good a home as his resources will permit and otherwise conducts himself in a befitting manner. Either this must be the rule, or else, whenever a wife fails in her application for divorce, she would have a right to a separate maintenance. But the statute gives no countenance to such a proposition, and the power of courts in this regard is measured by the statute. We are conscious that this may place the defeated wife in an undesirable plight; but she took that chance when she went into court and made charges against her husband, which she was unable to sustain. To return to her husband may involve some humiliation, but she has the assurance that, if she does her part, he must do his, or the law will grant her relief.

[3] Without regard to whether or not the wife succeeds in her litigation, we think that under section 975 of the Code she is entitled to reasonable attorney's fees for services rendered in prosecuting her case, and to costs of the suit.

It follows that the decree, in so far as it provides for separate maintenance for the wife and affects the custody of the child, should be reversed, but in all other respects affirmed, at the cost of the appellant; and a decree in conformity with this holding will be entered in this court.

Reversed.