**BROWN v. BROWN.**

No. 7733.

United States Court of Appeals for the District of Columbia.

Decided July 31, 1941.

See, also, —— App.D.C. ——, 121 F.2d 101.

Harold H. Shaller, of Washington, D. C., for appellant.

Louis Lebowitz, A. F. Goshorn, Raymond J. Nolan, and Joseph M. Bonuso, all of Washington, D. C., for appellee.

Before STEPHENS, VINSON and RUTLEDGE, Associate Justices.

STEPHENS, Associate Justice.

This is an appeal from a summary judgment of the District Court of the United States for the District of Columbia dismissing the appellant's complaint. The facts relevant to the error assigned are, as shown by the record, as follows:

On July 3, 1938, the appellee, George A. Brown, filed suit in the District Court for an absolute divorce from the appellant, Mary E. Brown, upon the ground of adultery. On July 19, 1938, the appellant answered, denied the adultery and, by cross-complaint, herself sought a limited divorce upon the ground of cruelty—charging in this respect that on July 3, 1938, the appellee had, without just cause, driven her from the home which she and the appellee owned jointly, and threatened to kill her if she returned. On February 26, 1940, after a hearing in the trial court, the latter dismissed both the appellee's bill and the cross-bill of the appellant. This dismissal of the cross-bill was "without prejudice," but on April 11, 1940, the trial court amended the order of dismissal by striking out the words "without prejudice." On June 5, 1940, the appellant commenced suit in the District Court against the appellee by filing a complaint seeking maintenance, in which she reiterated in terms the charge of cruelty set forth in her cross-bill in the first action, but alleged also that since the first of March, 1940, the appellee had failed and refused to support or maintain her, although able to do so. On June 17, 1940, the appellee moved for a summary judgment upon the ground that the cause of action set forth in the appellant's second suit was, by virtue of the decree of dismissal of her cross-bill in the first suit, res judicata. Under this motion the record in the first suit was brought to

the attention of the trial court, and after oral argument upon the motion the trial court granted the same and entered the following decree:

". . . it appearing to the Court that the matters and questions of fact and of law contained in Plaintiff's 'Complaint for Maintenance, and Accounting, and Other Relief,' filed herein on the fifth day of June, 1940, were the same matters which were finally adjudicated and determined in an action between the same parties and involving the same facts in this Court entitled, 'George A. Brown vs. Mary Estelle Brown, et al., Equity No. 67598,' and by reason thereof it is, by the Court, this 29 day of June, 1940,

"ADJUDGED, ORDERED, and DECREED that the defendant, George A. Brown, is hereby granted a Summary Judgment and the Complaint and Rule to Show Cause issued thereon, be and the same is hereby dismissed."

The motion for summary judgment was made under Rule 56 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, which in subdivision (c) provides that a summary judgment shall be rendered "if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that, except as to the amount of damages, there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." The appellee's suit for divorce and the appellant's cross-bill for a limited divorce were filed under Title 14, Section 63, District of Columbia Code, as amended August 7, 1935, 49 Stat. 539, c. 453, sec. 1 (D.C.Code, Supp. V, 1939), the pertinent provisions of which we set forth in the margin.[1] The appellant's suit for maintenance was filed under Title 14, Section 75, District of Columbia Code (1929), Act of March 3, 1901, 31 Stat. 1346, c. 854, sec. 980, providing as follows:

"Maintenance of wife.—Whenever any husband shall fail or refuse to maintain his wife and minor children, if any, although able so to do, the court, on application of the wife, may decree that he shall pay her, periodically, such sums as would be allowed to her as permanent alimony in case of divorce for the maintenance of herself and the minor children committed to her care by the court, and the payment thereof may be enforced in the same manner as directed in regard to such permanent alimony."

The sole question in the case is whether or not it was correct for the trial court to dismiss the maintenance suit on the ground that the cause of action set forth therein was res judicata. We think it was not correct.

The doctrine of res judicata is that, "an existing final judgment or decree rendered upon the merits by a court of competent jurisdiction upon a matter within its jurisdiction is conclusive of the rights of the parties or their privies in all other actions in the same or any other judicial tribunal of concurrent jurisdiction, on the points and matters in issue and adjudicated in the first suit." 2 Freeman, Judgments (5th ed. 1925), Sec. 627, p. 1322. The doctrine comprehends "a difference between the effect of a judgment as a bar or estoppel against the prosecution of a second action upon the first claim or demand, and its effect as an estoppel in another action between the same parties upon a different claim or cause of action. In the former case, the judgment, if rendered upon the merits, constitutes an absolute bar to a subsequent action. It is a finality as to the claim or demand in controversy, concluding parties and those in privity with them, not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose. . . . But where the second action between the same parties is upon a different claim or demand, the judgment in the prior action operates as an estoppel only as to those matters in issue or points controverted, upon the determination of which the finding or verdict was rendered. In all cases, therefore, where it is sought to apply the estoppel of a judgment rendered upon one cause of action to matters arising in a suit upon a different cause of action, the inquiry must always be as to the point or question actually litigated and determined in the original action, not what might have been thus litigated and determined. Only upon such matters is the judgment conclusive in an-

---

[1] "§ 63. Causes for divorce a vinculo and for divorce a mensa et thoro and for annulling marriages.—A divorce from the bond of marriage or a legal separation from the bed and board may be granted for adultery, desertion for two years, voluntary separation from bed and board for five consecutive years without cohabitation, final conviction of a felony involving moral turpitude and sentence for not less than two years to a penal institution which is served in whole or in part. A legal separation from bed and board may be granted for cruelty: . . . ."

other action." Cromwell v. County of Sac, 1876, 94 U.S. 351, 352, 353, 24 L.Ed. 195. For further statements of the doctrine see: Southern Pacific R. Co. v. United States, 1897, 168 U.S. 1, 18 S.Ct. 18, 42 L.Ed. 355; Oklahoma v. Texas, 1921, 256 U.S. 70, 41 S.Ct. 420, 65 L.Ed. 831.

■ These statements of the doctrine of res judicata make it clear that under the facts in the instant case the summary judgment entered by the trial court was not warranted. The appellant's cause of action in the maintenance suit was upon a claim or demand different from that involved in the cross-bill in the first action. In the cross-bill the demand was for a limited divorce and alimony. In the second suit the demand was for maintenance, not limited divorce. The estoppel of the judgment in the first cause, therefore, applies only to issues actually litigated and determined therein; and the issue of non-support since March 1, 1940, set up in the second suit, was not one of the issues litigated and determined under the cross-bill in the first suit. [2] The issue of cruelty put forward in the second suit was litigated and determined in the first suit; but, under the terms of Section 75 of Title 14 of the District of Columbia Code (1929), set forth above, the allegation of cruelty in the second suit was not necessary to the cause of action for maintenance. Cf. Cissell v. Cissell, 1932, 61 App.D.C. 271, 61 F.2d 679.

The appellee contends that the doctrine of res judicata applies in respect of the allegation in the second suit of non-support since March 1, 1940, because the amendment of the decree of dismissal of the cross-bill in the first suit, when the words "without prejudice" were stricken, was subsequent to March 1, 1940, to wit, on April 11, 1940. This contention is apparently made upon the assumption that the causes of action in the cross-bill and in the maintenance suit were identical; the argument apparently is that the dismissal of the cross-bill operates as a bar not only as to questions actually litigated and determined in the first action, but also as to questions which might have been litigated and determined therein. But as we have pointed out, the causes of action in the cross-bill and the maintenance suit are not the same. Therefore the dismissal of the cross-bill operates as a bar in respect only of the issues actually litigated and determined in the first action. Moreover, even if the causes of action in the two suits were identical, the argument of the appellee would fail for the three following reasons: First, the issues under the appellant's cross-bill involved events prior to the date that bill was filed, on July 19, 1938; second, the non-support relied upon in the maintenance suit was alleged to have occurred between March 1, 1940, and June 5, 1940, the date of filing the maintenance complaint—therefore, even if it could be said that there was an adjudication in the first suit of all issues which might have been litigated between the parties up to April 11, 1940, still there could have been no adjudication in respect of any non-support within the period from April 11, 1940, to June 5, 1940, the date of filing the second suit; third, as a matter of law no issue of non-support could have been litigated and determined in the first action because, as appears from the terms of Section 63 of Title 14 of the District of Columbia Code (Supp. V, 1939), set forth in the margin above, non-support is not a ground for a limited divorce.

■ The appellee also contends that the decree dismissing the second suit was proper because the appellant failed to allege in the complaint in that suit that the asserted non-support on the appellee's part occurred without fault on the appellant's part. Assuming, without ruling, that such a point can be raised by motion for summary judgment, this contention also is without merit: The terms of Section 75 of Title 14 of the local Code make clear that a wife states a cause of action for maintenance when she alleges that the husband has failed or refused to maintain her, although able to do so. We are cited to no controlling authority in this jurisdiction, and know of none, which requires a wife to allege absence of fault on her own part. If the husband has a defense in misconduct of the wife, he must plead and prove it. It is true that it was remarked in Tolman v. Tolman, 1893, 1 App. D.C. 299, 309, 310, that "To entitle the wife to alimony, it is, of course, necessary that she should establish the fact of desertion or ill treatment on the part of the husband, and that he has refused to maintain her, and that

---

[2] The briefs do not make clear the difference between the cause of action set forth in the cross-bill and that in the complaint for maintenance. The case was presumably similarly presented below, and this may well account for the error in the trial court's ruling.

she has not been guilty of conduct to afford justification for the action of the husband." This would seem to imply that a wife must allege absence of misconduct on her own part. But this case was decided prior to the enactment of Section 75 of the local Code. The statement in Towson v. Towson, 1919, 49 App.D.C. 45, 47, 258 F. 517, 519, that that section[3] was construed in Tolman v. Tolman, was in error.

In accordance with the foregoing, the judgment of the trial court is reversed and the case remanded for further proceedings not inconsistent with this opinion.

Reversed and remanded.

---

[3] In Towson v. Towson, Section 75 is referred to as Section 980 of the Act of March 3, 1901, 31 Stat. 1346, c. 854.