**GILL v. GILL (two cases).**
Nos. 8706, 8707.

United States Court of Appeals
District of Columbia.

Decided Jan. 31, 1945.

Mr. George E. C. Hayes, of Washington, D. C., for Lee Andrew Gill.

Mr. Raymond Neudecker, of Washington, D. C., for Mary Osborne Gill.

Before GRONER, Chief Justice, and MILLER and ARNOLD, Associate Justices.

MILLER, Associate Justice.

In March, 1940, Mary Osborne Gill filed, in the District Court, her complaint for di-

vorce a mensa et thoro against Lee Andrew Gill. She asked, also, for alimony; or in the alternative, a judgment for separate maintenance. Following a trial, the Court entered judgment for separate maintenance in her favor, the pertinent portion of which reads as follows: "That the plaintiff, Mary Osborne Gill, has duly established a case justifying the award to her of separate maintenance from the defendant, Lee Andrew Gill, and said defendant, Lee Andrew Gill, is hereby directed to pay to plaintiff, Mary Osborne Gill, permanent separate maintenance in the sum of $65.00 per month. * * *"

Thereafter, in March, 1942, Lee Andrew Gill filed his complaint against Mary Osborne Gill for absolute divorce on the ground of desertion. On December 17, 1943, the trial judge granted the divorce in favor of Lee Andrew Gill and against Mary Osborne Gill, but ordered that he pay to her the sum of $65 per month as permanent alimony. In its judgment, filed on December 17, 1943, the Court made the following findings among others: "* * * that defendant deserted plaintiff more than two years preceding the date of the instituting of this action; that the *Findings of the Court* and the Judgment had in *Civil Action No. 6104* have rendered as res adjudicata the fact of the failure of the plaintiff herein to have properly maintained his wife at the time of the institution of the former suit, Civil Action No. 6104; that the *Findings of the Court* and the Judgment in Civil Action No. 6104 have rendered as res adjudicata a failure of proof on behalf of the defendant herein to show any acts of cruelty on the part of the plaintiff herein as the occasion for the desertion herein found; and that the plaintiff herein has otherwise established the material allegations of his complaint; and concludes, as a matter of law, that plaintiff, Lee Andrew Gill, is entitled to a divorce from the bonds of marriage. * * *" [Italics supplied] Both parties appealed from this judgment. The two appeals were consolidated in this Court.

As there was no transcript of the evidence in Civil Action No. 6104, and no separate findings,[1] we must examine the pleadings and the judgment to ascertain what was involved and determined in that suit.[2] The only intimation given by the trial judge in Civil Action No. 6104, and the nearest approach to a finding, appears in the judgment previously quoted: "That the plaintiff * * * has duly established a case justifying the award to her of separate maintenance. * * *" The case, alleged by Mary Osborne Gill, which the trial judge held she had *duly established,* was of "a systematic course of cruel treatment, abuse and neglect * * * such * * * as to render further cohabitation with him (Lee Andrew Gill) intolerable" until "on February 21st, 1940 he made an unprovoked assault upon her, seizing her by the throat, bruising her neck and injuring her arm" as a result of which she became convinced that she could no longer remain under the same roof with him without being in danger of bodily harm. The complaint consisted, in large part, of allegations supporting this basic proposition. There were collateral allegations of trouble with members of his family, failure to provide a separate home and of failure to provide, properly, otherwise. But the case is one of which the constituent parts are inextricable and there is no escape from the fact that the essence of Mrs. Gill's complaint was that Mr. Gill had been cruel, abusive and neglectful; that this treatment forced her to leave home; hence, that she was entitled to divorce and alimony or, in the alternative, separate maintenance. Apparently the trial judge in the present case concluded that entry of the judgment for separate maintenance, instead of divorce, indicated a rejection of these allegations, and a determination that cruelty was not proved. But this conclusion does not follow. The action of the trial judge in the earlier case is much better explained by the fact that Mrs. Gill's prayer was in the alternative, suggesting to the judge the possibility of a reconciliation, which he, no doubt, thought justified the granting of separate maintenance rather than divorce; leaving open the possibility of preserving the marital status.

The judgment for separate maintenance required some basis for its support.[3] It is true, as we said in the Brown case, that a wife may state a cause of action for maintenance when she alleges that her husband has failed or refused to maintain her, although able to do so; and that an allegation of cruelty is not necessary

---

[1] The record shows this to be true and the fact was conceded on oral argument, contrary to the apparently inadvertent statement in the present judgment.

[2] Oklahoma v. Texas, 256 U.S. 70, 86, 88, 41 S.Ct. 420, 65 L.Ed. 831.

[3] Shellman v. Shellman, 68 App.D.C. 197, 95 F.2d 108.

to the cause of action for maintenance.[4] But it does not follow that if a plaintiff alleges the conclusion, that a spouse has failed to provide, she may not also allege cruelty, or that proof of cruelty is irrelevant in a maintenance action. Whether a husband has failed to provide, whether he should be required to maintain his wife, separately, and, if so, how much he should be required to pay are questions which cannot be considered and decided in a vacuum. We have held, expressly, that evidence of cruelty is admissible and that, if proved, it would affect the question how much maintenance the husband should be required to pay.[5] It is admissible, also, to prove any other pertinent issue in such a case; for example, the motivation of the husband's conduct, justification for the wife's departure from the family home, the necessity, if any, for her maintenance apart from her husband.

Where a judgment for maintenance has been entered, without findings and in the absence of a transcript of the evidence, as in the present case, the trial judge may not, in a subsequent action between the same parties, reject as unproved any facts pleaded or grounds alleged which if proved, had any reasonable tendency to establish the conclusion of the trial judge in the earlier case, or to support the judgment entered. On the contrary, under the familiar rule that the earlier judgment is res judicata, on the points and matters in issue and adjudicated in the first suit,[6] the earlier judgment in the present case is a finality as to every matter which was offered and received to sustain or defeat Mrs. Gill's case.[7] "Even if the * * * suit is for a different cause of action, the right, question *or fact* once so determined must, as between the same parties * * * be taken as conclusively established, so long as the judgment in the first suit remains unmodified."[8] [Italics supplied] We conclude that Mary Osborne Gill established the case which she pleaded, which was challenged by her husband's answer and was tried in Civil Action No. 6104.

The judgment in the present case must be set aside, also, because it is based upon a finding of desertion continuing for more than two years preceding the date of instituting the action. As the present action was instituted on March 19, 1942; as the Judgment in Civil Action No. 6104 was filed on October 24, 1941; as that Judgment established as res judicata that Mrs. Gill had been and was justified in living apart from Mr. Gill and was entitled to separate maintenance because of circumstances of cruelty, abuse and neglect set forth in her complaint and duly established at the earlier trial, it is obvious that the finding and judgment of the trial court in the present case, upon the ground of desertion, cannot stand.[9]

The case will be remanded to the District Court with instructions to grant the motion for judgment dismissing the complaint in Civil Action No. 15033.

Reversed.

---

[4] Brown v. Brown, 74 App.D.C. 309, 311, 122 F.2d 219, 221.

[5] Melvin v. Melvin, 76 U.S.App. 56, 57, 58, 129 F.2d 39, 40, 41.

[6] 2 Freeman, Judgments (5th ed. 1925) § 627, p. 1322.

[7] Brown v. Brown, 74 App.D.C. 309, 310, 122 F.2d 219, 220; Geracy, Inc. v. Hoover, 77 U.S.App. 55, 58, 133 F.2d 25, 28; see Spruill v. Serven, 68 App. D.C. 60, 93 F.2d 219, certiorari denied, 302 U.S. 764, 58 S.Ct. 477, 82 L.Ed. 594; Daniels v. Coe, 73 App.D.C. 54, 56, 116 F.2d 941, 943.

[8] Southern Pacific Railroad Company v. United States, 168 U.S. 1, 48, 49, 18 S. Ct. 18, 42 L.Ed. 355.

[9] Warner v. Warner, 54 Mich. 492, 494, 20 N.W. 557, 558: "If the husband's conduct is so cruel towards his wife that she cannot live and cohabit with him with safety to her health or without peril to her life, or if she has good reason to believe she cannot, and for such reason she leaves him and abandons his home, she does not thereby commit the crime of desertion. In such case she does not leave her husband or her home in consequence of any willfulness on her part, but is compelled by the cruelty of her husband, and against her will, so to do. The desertion in such case is upon his part, and not upon hers. He as completely commits the crime of desertion when, by his cruel conversation and conduct, he compels her for safety to leave him and his home, as when he willfully and without cause leaves and abandons her. In all such cases the husband is guilty of the crime or misconduct he charges against the wife, and of course cannot have a decree." Hitchcock v. Hitchcock, 15 App.D.C. 81, 88, 89; see Underwood v. Underwood, 50 App.D.C. 323, 271 F. 553; Melvin v. Melvin, 76 U.S.App. 56, 58, 129 F.2d 39, 41; Miller v. Miller, 72 App.D.C. 348, 114 F.2d 596; Israel v. Israel, 185 Ala. 39, 64 So. 67.