Charles SHELTON, Appellant,

v.

Frankie SHELTON, Appellee.

No. 2378.

Municipal Court of Appeals for the District of Columbia.

Argued April 20, 1959.

Decided July 28, 1959.

Charles K. Brown, Jr., Washington, D. C., for appellant.

George H. Windsor, Washington, D. C., with whom George E. C. Hayes and Cobb, Howard, Hayes & Windsor, Washington, D. C., were on the brief, for appellee.

Before ROVER, Chief Judge, and HOOD and QUINN, Associate Judges.

HOOD, Associate Judge.

Appellee wife was awarded a divorce and alimony of $25 per week. The husband has appealed but questions only the award of alimony, which he says was "not only excessive and totally unwarranted but it was punitive." Basic in his argument is the contention that no able-bodied woman, capable of supporting herself, should be awarded alimony, that to do so will result in an "army of alimony drones."

The parties were married in Georgia in 1943, moved to the District in 1946, and lived together until he deserted her in 1954. No children were born of the marriage and at time of trial she was 47 and he 40 years of age. He was earning $4,640 a year and she was unemployed and being supported by her brother. She had been a school teacher in Georgia but was unable to qualify for such a position in the District, and she testified she had unsuccessfully sought other employment.

■ ■ Undoubtedly there are situations when an award of alimony is not justified;[1] but our statute[2] provides: "When a divorce is granted to the wife, the court shall have authority to decree her permanent alimony sufficient for her support * * *." Thus both the award of alimony and the amount are placed in the discretion of the trial court; and the exercise of its discretion will not be disturbed on appeal except for clear abuse.[3] In the case before us we find no manifest abuse of discretion.

■ The husband also argues that the wife's claim for alimony was barred by laches because she waited four years after the desertion before asserting her claim. Although she might have sued for separate maintenance immediately following the desertion, she could not sue for a divorce until the desertion had continued for two years. From the Annotation on delay in bringing suit as affecting right to divorce, 4 A.L.R. 2d 1321,[4] it will be observed that the law on the subject is neither uniform nor clear, but it does appear that greater leniency is granted the wife than the husband and that each case must depend upon its own facts. Here the trial court specifically found that the wife was not guilty of laches, and we see no basis for disturbing that finding.

Affirmed.

1. Quarles v. Quarles, 86 U.S.App.D.C. 41, 179 F.2d 57.

2. Code 1951, 16–411.

3. Schulz v. Schulz, 86 U.S.App.D.C. 43, 179 F.2d 59; Garrett v. Garrett, 61 App. D.C. 309, 62 F.2d 471.

4. See also Annotation, 121 A.L.R. 1382, on applicability of statute of limitations or doctrine of laches as between husband and wife.