Gordon M. JOHNSON, Appellant,

v.

Corian D. JOHNSON, Appellee.

No. 2948.

Municipal Court of Appeals for the District of Columbia.

Argued March 26, 1962.

Decided April 13, 1962.

Ira M. Lowe, Washington, D. C., for appellant.

Daniel I. Sherry, Washington, D. C., for appellee.

Before QUINN, Associate Judge, CAYTON (Chief Judge, Retired) sitting by designation under Code, § 11–776(b), and MYERS, Associate Judge of The Municipal Court for the District of Columbia, sitting by designation.

CAYTON, Acting Judge.

A husband appeals from a decision in favor of his wife in an action for separate maintenance, and questions the sufficiency of the evidence.

The trial judge found that the husband had frequently become intoxicated and quarrelsome, and violent toward his wife, and had struck her on several occasions; that this caused the wife to become nervous and unable to sleep and required her to seek medical and psychiatric treatment; and that the wife was justified in leaving him. He also found that since the separation the husband had been able to support his wife but had failed and refused to do so. These findings were based on testimony of the wife, which was, in part at least, corroborated by two other witnesses. The wife's charges were denied by the husband. It is not for us to retry the facts, and we cannot say that the trial court did not fairly weigh the evidence, or that its decision was wrong as a matter of law.

Counsel for appellant says there is a "deficiency" in our statutory law governing the award of separate maintenance. We do not share that view. Code 1961, § 16–415 authorizes the award of separate maintenance when a husband fails or refuses to support his wife and minor children, although able to do so. That language is plain enough, and our courts have had little trouble in applying it. A wife makes out a case for separate maintenance when she establishes that her husband fails or refuses to support her, though able to

do so;[1] no allegation of cruelty is necessary;[2] and if the husband claims a defense in the misconduct of the wife, he must support it by proof.[3] Here the trial court held that the husband's misconduct justified the wife in leaving him, and the evidence sufficiently justified that ruling.

 Appellant says the trial court erred in not awarding him possession of certain articles of personal property. Many items were involved, and the judge ruled on each item separately. We cannot say the disposition was not warranted by the evidence.

Error is also assigned as to rulings on the admissibility of evidence. We have found no reversible error in such rulings.

Affirmed.

1. Lutz v. Lutz, D.C.Mun.App., 166 A.2d 489.

2. Schreiber v. Schreiber, D.C.Mun.App., 139 A.2d 278.

3. Brown v. Brown, 74 App.D.C. 309, 122 F.2d 219.