**Fred L. MILLER, Appellant,**

v.

**Berenice MILLER, Appellee.**

**No. 2918.**

Municipal Court of Appeals for the District of Columbia.

Submitted Feb. 26, 1962.

Decided May 11, 1962.

Joseph D. DiLeo, Washington, D. C., for appellant.

Jackson Brodsky, Kensington, Md., with whom Brodsky & Cuddy, Kensington, Md., were on the brief, for appellee.

Before HOOD, Chief Judge, QUINN, Associate Judge, and MYERS, Associate Judge of The Municipal Court for the District of Columbia, sitting by designation.

HOOD, Chief Judge.

In an action for separate maintenance by a wife, her husband counterclaimed for a limited divorce on the ground of cruelty or desertion. The trial court ordered the husband to pay the wife a monthly sum for her maintenance and dismissed his counterclaim. He has appealed.

The parties were married in December 1957. He was then over sixty years of age and she was more than fifty years of age. Both had been married before. The marriage apparently was not a happy one from the beginning. In the words of the wife, the parties "just couldn't get along." They quarreled over money matters and living quarters. During one quarrel in March 1960 he struck her and broke one of her teeth. In another quarrel in September 1960 she struck and scratched him. In October 1960 she left him. She said she left at his request. He said she left over his protest.

At the conclusion of the evidence the court first disposed of the husband's claim for a divorce, and ruled that if the wife had been guilty of cruelty the husband had condoned such acts and was not entitled to a divorce. The following colloquy then occurred between the court and the wife's counsel:

"The Court. Now, Mrs. Miller and Mr. Miller are separated, and he has refused to support her. How about that, Mr. Brodsky? Does Mrs. Miller have to prove that she has a right to live separate and apart from Mr. Miller?

"Mr. Brodsky. I don't think so, Your Honor. I think she has proved that, but I think all the statute says, I think it is 16–410 or 415, that where he has failed and refused to support her. I don't think there is any obligation. The law in Maryland is to the effect you must show the right to leave. But if the parties are living apart, I think there is merely an obligation on her part to show in order to obtain maintenance that he has failed and refused to support her.

"The Court. That is the way it strikes me.

"Mr. Brodsky. I think it is 16–415 or 410, I don't remember, Your Honor.

"The Court. 415.

"Mr. Brodsky. 415.

"The Court. Well, I think that the wife has undoubtedly shown the husband has failed and refused to support her although he is able so to do. So, I will have to fix some amount for the support of the wife."

The husband complains that the trial court erroneously determined that the sole evidence to be considered in the wife's case was whether the husband had refused to support his wife though able to do so and that the court refused to consider the circumstances leading up to the separation. The colloquy above quoted lends some support to this contention, and if we were convinced that the court in awarding maintenance took into consideration only the fact that the husband, though able to do so, had failed and refused to support his wife, we would reverse.

Under our statute [1] providing that "Whenever any husband shall fail or refuse to maintain his wife * * *," the court may award her maintenance, the wife makes out a prima facie case when she proves two facts: (1) that her husband fails or refuses

1. Code 1961, § 16–415.

to maintain her, and (2) that he is able to do so. This does not mean that on proof of those two facts the husband is helpless to defend against the wife's claim. He may offer evidence that the wife left him without just cause or reason, or that the separation was brought about largely or in part by the wife's misconduct.[2] Proof of misconduct is not limited to proof of cruelty in the legal sense, but may include proof of any act of unkindness or indignity; and this proof "may justify either a denial or an abatement of maintenance." Melvin v. Melvin, 76 U.S.App.D.C. 56, 58, 129 F.2d 39, 41.[3]

██ We do not mean to say that maintenance should be granted only when the wife's conduct is blameless, but we do say that when a husband opposes the grant of maintenance on the ground of the wife's misconduct, her conduct or misconduct is an issue. The court may find that her misconduct was so grave as to bar her claim; or the court may find that, despite her misconduct, she is entitled to an award, but in a lesser amount than would otherwise be awarded.

While, as before stated, the record in the present case gives some support to the husband's contention that the trial court considered the evidence of the wife's misconduct only in connection with the husband's claim to a divorce, we are not convinced that the trial court ignored that evidence in finding that the wife was entitled to separate maintenance and in fixing the award. The record, however, would be more satisfactory if the trial court, before making the award of maintenance, had made a specific finding that the wife was justified in living separate and apart from her husband, and we suggest that in all future cases of this nature

2. "If the husband has a defense in the misconduct of the wife he must plead and prove it." Brown v. Brown, 74 App.D.C. 309, 311, 122 F.2d 219, 221.

3. See also Gill v. Gill, 79 U.S.App.D.C. 357, 147 F.2d 154.

such a finding be made as a prerequisite to the award of maintenance.[4]

██ With respect to the husband's claim that the trial court was in error in holding that the husband was not entitled to a divorce on the ground of cruelty because such cruelty, if it existed, had been condoned, we are of opinion that condonation, if not established on the ground given by the trial court, was amply established by the husband's testimony that he did not wish his wife to leave and urged her to stay.

Affirmed.

4. Rule 11 of the Domestic Relations Branch requires the court to "find the facts specially and state separately its conclusions of law." See Johnson v. Johnson, D.C.Mun.App., 179 A.2d 720 (decided April 13, 1962) where the trial court in awarding maintenance specifically found that the wife was justified in leaving her husband.