Sidonia Wetherill FOLEY, Appellant,

v.

John Dyer FOLEY, Appellee.

No. 3078.

Municipal Court of Appeals for the District of Columbia.

Argued Sept. 24, 1962.

Decided Oct. 26, 1962.

Eugene L. Stewart, Washington, D. C., with whom Godfrey L. Munter, Washington, D. C., was on the brief, for appellant.

Alvin L. Newmyer, Washington, D. C., for appellee. Alvin L. Newmyer, Jr., Washington, D. C., also entered an appearance for appellee.

Before HOOD, Chief Judge, QUINN, Associate Judge, and CAYTON (Chief Judge, Retired) sitting by designation under Code § 11–776(b).

CAYTON, Acting Judge.

A wife's complaint for maintenance was dismissed on the ground that her separate income was sufficient to maintain her in the social position in life to which she was accustomed. She appeals.

The parties were married in 1933 and have no children. For six years before this suit was filed in November 1961, they lived separate lives and their marriage was in fact "dead." Nevertheless, they continued living together and sharing the household expenses until the wife requested his removal from their apartment when this suit was filed.

Both parties own a considerable amount of property and much of the testimony related to their financial worth. The husband, a physician, earns his income mainly from his practice, while the wife derives her income solely from trust funds and property. The husband owns securities valued at $294,035 and has bank accounts aggregating $16,258. The wife's assets include savings and checking accounts amounting to $53,243 and a trust fund established by her father which in June 1961, was valued at $282,429. She has also been receiving "for a number of years" a $250 nontaxable monthly gift from her mother. The trial court found that the husband's monthly income after taxes was approximately $1500 and that the wife's monthly income after taxes was approximately $900 and her monthly expenses $600. The husband also receives a Navy disability payment of $285 monthly. His physician testified that he must reduce his activities at least 50% because of a dangerous heart condition. The husband does not deny that since November 1961, he has not contributed to his wife's support.

Our Code § 16–415, provides that the court *may* award maintenance to a wife if the husband has failed to support her although able to do so. The statute does not compel an award but leaves it within the discretion of the trial court. The question on this appeal is whether the trial court was wrong as a matter of law in denying maintenance to the wife in the circumstances recited.

Counsel for the wife argues that under the rationale of Miller v. Miller,[1] and Johnson v. Johnson,[2] when a husband has failed to support the wife although able to do so, the only defense available to him is the wife's misconduct. The argument is that those cases define a limited range of defenses and that a wife's separate income is neither a defense nor a limiting factor in the husband's duty to support.

---

1. D.C.Mun.App., 180 A.2d 888.

2. D.C.Mun.App., 179 A.2d 720.

In neither Miller nor Johnson were we faced with the situation in this case. The Miller and Johnson opinions necessarily dealt with the facts of those cases. Neither opinion purported to define exhaustively the sole considerations to which a court must address itself in every maintenance suit.

We cannot agree that the wife's financial situation is neither a defense nor a limiting factor in defining the husband's duty. The purpose of maintenance is to prevent the wife from becoming a public charge,[3] and not to penalize the husband.[4] It is generally recognized that the wife's financial condition is a relevant consideration; it may limit an award of maintenance, or defeat it altogether.[5] The following language aptly expresses the rule:

"* * * while a wife may not be required to exhaust her resources before bringing a suit for separate maintenance, and thus the possession of income or separate property is not an absolute defense to an action, the amount of her income will affect the amount which she will recover, if not defeat her right to separate maintenance. * * *" Annot., 10 A.L.R.2d 529.

 We agree that a wife is not required to exhaust her resources before she may bring a suit. Here the wife, accustomed to contributing to her own support for years, is easily able to support herself without depleting her resources. Furthermore, the future prospects of the parties are in marked contrast. The medical testimony left no doubt that the husband must drastically curtail his activities, necessarily resulting in a reduction of income. The wife on the other hand expects to receive a substantial inheritance. Under the circumstances we cannot say that the ruling below revealed an abuse of discretion.

 The wife next contends that she possesses a personal financial right to support during marriage extinguishable only upon severance of the marriage bond. Since, she argues, she and the husband are still married, the court may determine the quantum of maintenance but cannot refuse it. The distinction urged by the wife would require a holding that the wife's need for financial assistance is irrelevant, except in cases of divorce. We see no reason for such a distinction. The marital status is not determinative of the wife's needs or of the husband's ability to provide for them. The findings were based upon substantial evidence and the judgment must be

Affirmed.

---

3. Wheeler v. Wheeler, 88 U.S.App.D.C. 193, 188 F.2d 31.

4. Johnson v. Johnson, D.C.Mun.App., 163 A.2d 127.

5. 17 Am.Jur., Divorce and Separation § 675; 27 Am.Jur., Husband and Wife § 407; 27A C.J.S. Divorce § 233(6) b; 42 C.J.S. Husband and Wife § 612e: Grossman, New York Law of Domestic Relations § 212; 3 Nelson, Divorce and Annulment §§ 32.24, 32.40.