Ora Spinks DeSIPIO, Appellant,

v.

Joseph DeSIPIO, Appellee.

No. 3146.

Municipal Court of Appeals for the District of Columbia.

Argued Nov. 5, 1962.

Decided Dec. 17, 1962.

Edward L. Genn, Washington, D. C., for appellant.

George J. Goldsborough, Jr., Washington, D. C., for appellee.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

MYERS, Associate Judge.

The trial court awarded appellant wife $175 a month as temporary support and directed her at a later hearing to produce "competent medical testimony to the effect that she is physically incapacitated for gain-

626

ful employment of any kind * * * or oral and documentary evidence describing the effort she has made to obtain such employment." She was admonished that unless such evidence were produced the order awarding support would be terminated; but if she were gainfully employed at the time of the next hearing, the amount, if any, to be awarded her in addition to her earnings, would be considered. Thereafter the court terminated the previously ordered support on the ground that appellant "is now or will be very soon in a position where she can use her education and experience in gainful employment."

The sole question on this appeal is whether the trial court upon the evidence abused its discretion in terminating *all* support.

The wife, a person of good educational background, had been regularly employed to October 10, 1960, but at the time of the final hearing her only source of income was from her husband who had left her in 1958 for no justifiable cause.[1] She had undergone recent surgery and was apparently passing through her period of menopause. Except for the wife, all witnesses were in agreement that she drank excessively and she admitted she spent part of her support to buy alcoholic beverages. A medical witness described her as a "progressive alcoholic" for whom recovery could only begin by her admission that she had a drinking problem, her abstinence from the use of alcohol, and her employment in a pay status. The wife testified that although she had applied at various government agencies, she had been unable to obtain work. The husband is employed at a good salary and is financially able to contribute to his wife's maintenance and to provide for his minor daughter committed to his charge.

Our Code, § 16–415 provides that the court *may* award maintenance to a wife if the husband fails or refuses to support her although able to do so. The statute does not compel an award but leaves it to the discretion of the trial judge whose judgment will not be disturbed except upon a clear showing of abuse.[2] Whether a husband has failed to provide, whether he should be required to maintain his wife, separately, and, if so, how much he should be required to pay are questions which cannot be considered and decided in a vacuum.[3] Various factors enter into the final determination. Support may be granted to a wife who is at fault; it may, in a proper case, be denied against a husband who is at fault; and its amount is elastic.[4] Misconduct of a wife may defeat her claim to support, but if the husband asserts her misconduct as a defense, he must plead and prove it.[5] A wife need not exhaust her own resources before she is entitled to receive separate maintenance.[6] The purpose of maintenance is not to penalize the husband but to prevent the wife from becoming a public charge.[7] Suits for maintenance are regarded as equitable rather than legal, and the court is guided by considerations of fairness and justice while exercising its dis-

1. The trial judge found: "4. That the leaving of Joseph DeSipio was not with sufficient just cause or excuse to award him a divorce on the grounds of constructive desertion and that further, the acts of the Plaintiff [Mrs. DeSipio] do not constitute such cruelty as to excuse or justify the separation and thereby to serve as a basis for constructive desertion."

2. Howard v. Howard, 72 App.D.C. 145, 112 F.2d 44; Reed v. Reed, 52 App.D.C. 35, 280 F. 1009; Shelton v. Shelton, D.C. Mun.App., 153 A.2d 663.

3. Gill v. Gill, 79 U.S.App.D.C. 357, 359, 147 F.2d 154.

4. Melvin v. Melvin, 76 U.S.App.D.C. 56, 57, 129 F.2d 39.

5. Brown v. Brown, 74 App.D.C. 309, 122 F.2d 219; Miller v. Miller, D.C.Mun.App., 180 A.2d 888, 890; Johnson v. Johnson, D.C.Mun.App., 179 A.2d 720, 721.

6. Foley v. Foley, D.C.Mun.App., 184 A.2d 853.

7. Wheeler v. Wheeler, 88 U.S.App.D.C. 193, 188 F.2d 31; Foley v. Foley, supra, note 6.

cretionary powers in this area.[8] Although the duty of a husband to meet the reasonable needs of his wife within his financial capabilities is absolute and remains unimpaired as long as the marital relationship exists,[9] the court, in enforcing this obligation, must remain equally mindful of the husband's welfare and avoid penalizing him by the imposition of harsh financial terms.[10]

Absent any showing that appellant was not in need of support, or that the husband had not failed or refused to contribute thereto although able to do so, or that she had been guilty of misconduct of such character as to affect her claim, appellant was entitled to be awarded some amount. Chronic alcoholism, although frequently a cause of much unhappiness in family relationships, is not to be equated with misconduct. It is a disease, difficult to control or permanently cure, and seriously affects the employability of the victim.

The conclusion is inescapable that the court denied all maintenance for the sole reason that appellant had failed to show either that she was incapacitated for any work or that she had made diligent effort to secure work of some kind. We know of no authority in law (and no case has been called to our attention) requiring that a wife, in order to be eligible for separate maintenance under the statute, must *first* prove that she is either physically unable to work or that she has sought diligently but without success to obtain employment of any kind. As we have pointed out, misconduct of a wife may be a factor in denying or reducing the support a husband may be required to pay. There seems no doubt that the wife is addicted to the heavy use of alcoholic beverages, which seriously affects her employability, but that fact does not justify under the statute depriving the wife of all support from her husband.

There being no basis in fact upon which the trial judge could legally deny appellant wife *all* separate maintenance from her husband, the order terminating her support must be set aside and the case returned to the trial judge to fix some amount for that purpose and for the taking of additional testimony on that point if he deems it necessary.

Reversed and remanded with instructions.

HOOD, Chief Judge (dissenting).

I must dissent and the basis for my position requires some statement of the factual background of the case. The parties were married in 1944; a daughter was born to them in 1951; and they separated in 1958, I do not think it is accurate to say, as the majority opinion does, that the husband left the wife for no justifiable cause. It is true that the trial court, in denying his counterclaim for a divorce on the ground of constructive desertion, found that the conduct of the wife did not constitute a basis for constructive desertion; but the court also specifically found that the parties voluntarily separated on January 27, 1958. At the same time the trial court found that the husband was entitled to custody of the child.

After the voluntary separation in 1958, the wife, who had been employed throughout the married life except for a period after the birth of the child, continued to work and support herself until the latter part of 1960.

In 1961 she brought the present action for maintenance and custody of the child, alleging she was without regular employment and was unable to support herself. After a full hearing over a period of several days the court granted the wife temporary support in order that she might undergo a necessary operation and then regain employment. This support extended from January 29, 1962, until May 31, 1962.

8. Johnson v. Johnson, D.C.Mun.App., 163 A.2d 127.

9. Carey v. Carey, 8 App.D.C. 528, 531.

10. Johnson v. Johnson, supra, note 8.

From the entire record I think it is obvious that the court terminated the wife's support for three basic reasons: (1) The wife was able to support herself and did not require support from her husband; (2) regular employment and self-support by the wife would be far more beneficial to her than would be support from the husband; and (3) to require the husband to support the wife would result in the child being deprived of advantages most essential to her well-being. I shall elaborate only on this third reason.

I do not agree with, and I think the record does not support, the statement in the majority opinion that the husband is financially able to contribute to his wife's maintenance and to provide for his daughter. He must provide a home for himself and his daughter and meet all their living expenses. He has been sending the child to an excellent private, and necessarily expensive, school and all of the witnesses, including the wife herself, agree that this is for the best interest of the little girl. To maintain the home, meet the living expenses and pay for the schooling of the child requires practically every cent of his salary. If he must contribute to the wife, then the home life or schooling of the child must suffer. In short, he can maintain a home for himself and the child but he can't maintain that home and another home for the wife.

I find no abuse of discretion in the order of the trial court and I think it should be affirmed.