Joseph K. LEWIS, Appellant,

v.

Edythe Moore LEWIS, Appellee.

No. 3599.

District of Columbia Court of Appeals.

Argued Dec. 14, 1964.

Decided Jan. 14, 1965.

Robert A. Hickey, Washington, D. C., with whom Joseph C. V. Ferrusi, Washington, D. C., was on the brief, for appellant.

Harold Gordon, Washington, D. C., for appellee.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

PER CURIAM:

Appellant husband claims error in denying him an absolute divorce on the ground of five years' voluntary separation without cohabitation[1] and in awarding maintenance to the wife.[2]

The question of the voluntary separation of the parties for the requisite

1. 16 D.C.Code, 1961, § 904(a) (3) (Supp. III 1964).

2. 16 D.C.Code, 1961, § 916 (Supp. III 1964).

consecutive five years was an issue of fact resolved against appellant upon conflicting evidence before the trial judge. The husband contended that the wife silently acquiesced in the separation of the parties. The wife, however, testified she did not leave the marital abode voluntarily and that she wrote her husband a number of letters thereafter expressing a readiness and willingness to return to him, but that he ignored her offers to reconcile. It is apparent that the trial judge accepted the wife's version that she had attempted in good faith to effect a resumption of their marital life. The court's finding that the husband had not established that the separation had been mutually voluntary for the statutory period is not clearly erroneous and is supported by competent evidence in the record. We are therefore without authority to set it aside.

Broad discretion is vested in the trial judge in the award of support and maintenance and in fixing the amount thereof based upon various factors, including the reasonable needs of the wife and the ability of the husband to contribute to her support, and his determination on this matter will not be disturbed on appeal except upon a clear showing of abuse of discretion. Dawson v. Dawson, D.C.App., 193 A.2d 70 (1963); Shelton v. Shelton, D.C.Mun. App., 153 A.2d 663 (1959); Dennis v. Dennis, D.C.Mun.App., 140 A.2d 180 (1958). We find no clear showing of abuse of discretion here.

Although the comments of the trial judge during the course of the hearing were at times couched in unjudicial language, a careful reading of the record fails to establish that there was such a display of personal bias or prejudice on his part as to render his resulting judgment invalid, requiring or justifying a reversal.

Affirmed.