**Carmen S. LATTISAW, Appellant,**

**v.**

**Joseph W. LATTISAW, Appellee.**

**No. 3616.**

District of Columbia Court of Appeals.

Submitted Feb. 1, 1965.

Decided May 12, 1965.

Catherine U. Welch, Washington, D. C., for appellant.

Joseph H. Schneider, Albert Ginsberg and Herbert D. Horowitz, Washington, D. C., for appellee.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

HOOD, Chief Judge:

Appellant wife brought this action seek-

---

ing custody of minor children and support for herself and the children. The trial court awarded custody of the children to the wife and ordered the husband to pay monthly sums for support of the children, but the court denied the wife's claim for support for herself. The denial was based on the court's finding that the husband was justified in leaving the home and that the wife was not entitled to maintenance because of her "extravagant and cruel conduct," which injuriously affected the husband's health.

■ On this appeal the wife poses two questions. She asks what circumstances justify departure of a father from the marital home? The answer in general terms is that one spouse may abandon the other when the other's conduct amounts to that degree of cruelty which would entitle the abandoning spouse to a limited divorce on the ground of cruelty. Schreiber v. Schreiber, D.C.Mun.App., 139 A.2d 278 (1958). With respect to the specific case here, the record discloses ample evidence to support the trial court's finding that the husband was justified in leaving.

The second question of the wife is whether it was "just and proper" to deny her separate maintenance? Answering her own question, she argues that a wife, living apart from her husband, who has been awarded custody of and support for the children, is entitled to maintenance for herself, regardless of her conduct. Her contention is contrary to the established law of this jurisdiction.

■ In Melvin v. Melvin, 76 U.S.App. D.C. 56, 129 F.2d 39 (1942), it was held that a wife's conduct may justify either a denial or an abatement of maintenance. In Gill v. Gill, 79 U.S.App.D.C. 357, 147 F.2d 154 (1945), it was held, citing Melvin, that cruelty on the part of the wife affects the question of the amount of maintenance the husband may be required to pay. In Miller v. Miller, D.C.Mun.App., 180 A.2d 888 (1962), this court held that a wife's

misconduct may be so grave as to bar her claim to maintenance. We see no reason for departing from this rule or for making an exception to it in this case.

Affirmed.