E. Taylor LEE, Appellant,

v.

Nelle E. LEE, Appellee.

No. 5050.

District of Columbia Court of Appeals.

Argued March 18, 1970.

Decided July 20, 1970.

H. Clay Espey, Washington, D. C., with whom Charles B. DeShazo, Washington, D. C., was on the brief, for appellant.

Joel Savits, Washington, D. C., with whom Samuel Barker, Washington, D. C., was on the brief, for appellee.

Before FICKLING, KERN and GALLAGHER, Associate Judges.

FICKLING, Associate Judge.

The question presented on this appeal is whether or not it is error to award separate maintenance and support to a wife who, without just cause or excuse, left her husband.[1]

The trial court found, among other things, that the wife left the marital domi-

---

1. D.C.Code 1967, § 16–916(a) provides in pertinent part:

Whenever any husband shall fail or refuse to maintain his wife * * * although able to do so * * * the court, upon proper application, may decree, pendente lite and permanently, that he shall pay reasonable sums periodically for the support of such wife * * * and the court may decree that he pay suit money, including counsel fees, pendente lite and permanently, to enable plaintiff to conduct the case.

cile without just cause or excuse; that since her departure the husband had not contributed to the wife's support; and that subsequent to the desertion neither party had made any overt bona fide offer of reconciliation. She testified to an income of $240 per month and expenses of $365 per month. These finding are not questioned on appeal.

The wife was awarded maintenance in the sum of $125 per month.

The husband relies principally on Towson v. Towson, 49 App.D.C. 45, 258 F. 517 (1919), for the proposition that a wife who, without just cause, leaves the home established by the husband is not entitled to separate maintenance.

Because of its age and subject matter, we now examine *Towson* to determine its status today. There, the wife left her husband allegedly because of cruelty, taking with her their minor child. Subsequently, she sought a limited divorce on grounds of cruelty, alimony, and custody of their child. At trial she failed to sustain her claim of cruelty, but the court awarded her separate maintenance and custody of the child. On appeal the Circuit Court reversed the award of maintenance and custody, holding that the husband "discharges his full duty [under the statute] when he provides as good a home as his resources will permit and otherwise conducts himself in a befitting manner." 49 App.D.C. at 47, 258 F. at 519.

In 1954, the Circuit Court in Bartlett v. Bartlett, 94 U.S.App.D.C. 190, 221 F.2d 508 (1954) (en banc), reexamined that portion of *Towson* holding that a deserting wife was barred from custody of the minor child. It overruled *Towson*

> to the extent that it may be construed to be in conflict with the principle that in the matter of the custody of a child,

the paramount consideration is the child's welfare and not the adversary rights of the parents.

94 U.S.App.D.C. at 193, 221 F.2d at 511–512. The court went on to state that in the matter of maintenance of the *child* also, the controlling factor must be not the wife's misconduct or the husband's common law right to maintain his children in his own home in discharging his obligation to support them but rather the child's welfare. 94 U.S.App.D.C. at 194, 221 F.2d at 512–513. To this extent, too, *Towson* was overruled and with these rulings we are in accord. However, because the court's holding in *Bartlett* was limited in scope, *Towson* remained viable precedent insofar as support and maintenance of a deserting wife are concerned and is controlling law in the instant case.

However, there is language in a few of our own opinions (without citation to *Towson*) relied on by the wife here, which suggests that the rule in this jurisdiction may be otherwise. In Miller v. Miller, D.C. Mun.App., 180 A.2d 888 (1962), in discussing a husband's appeal from an award of separate maintenance to his wife, we said[2] that, upon her making out a prima facie case,

> the husband is [not] helpless to defend against the wife's claim. He may offer evidence that the wife left him without just cause or reason, or that the separation was brought about largely or in part by the wife's misconduct.[3] * * * [T]his proof [of misconduct] "may justify either a denial or an abatement of maintenance." Melvin v. Melvin, 76 U.S.App.D.C. 56, 58, 129 F.2d 39, 41.

We do not mean to say that maintenance should be granted only when the wife's conduct is blameless, but we do say that when a husband opposes the

---

2. 180 A.2d at 889–890 (footnotes renumbered or omitted).

3. "If the husband has a defense in the misconduct of the wife he must plead and prove it." Brown v. Brown, 74 App.D.C. 309, 311, 122 F.2d 219, 221.

grant of maintenance on the ground of the wife's misconduct, her conduct or misconduct is an issue. The court may find that her misconduct was so grave as to bar her claim; or the court may find that, despite her misconduct, she is entitled to an award, but in a lesser amount than would otherwise be awarded.

Decided that same year was DeSipio v. DeSipio, D.C.Mun.App., 186 A.2d 624 (1962). We there opined:[4]

> Support may be granted to a wife who is at fault * * * and its amount is elastic.[5] Misconduct of a wife may defeat her claim to support, but if the husband asserts her misconduct as a defense, he must plead and prove it.[6]

 Upon careful examination of these opinions and the cases cited therein, we find that they are not inconsistent with the holding in *Towson* as later restricted by *Bartlett*. The use of the term "misconduct" in *Miller* and *DeSipio* embraces many forms of misconduct besides desertion, *e. g.*, unkindness, harshness, indignity, etc.; and a spouse may be guilty of misconduct but nevertheless may be justified in leaving the marital domicile because of misconduct on the part of the other spouse.

In any event, we are not bound by *Miller* or *DeSipio* in the instant case because in *Miller* the court found implicitly that the wife justifiably left the marital home, and in *DeSipio,* the husband unjustifiably left the marital home.

We hold that, in the instant case, when the wife left her husband and marital abode without just cause, such desertion was a bar to her claim for separate maintenance and support. *Towson, supra.* We are of the view that to hold otherwise would encourage families to separate rather than remain together to resolve their differences.

The husband's attack on the award of counsel fees is, we think, without merit. Such fees are awarded within the broad discretion of the court and will not be disturbed on appeal absent a showing of clear abuse of discretion. Mozick v. Mozick, D.C.App., 245 A.2d 643 (1968). No such showing has been made to this court.

We grant the wife's motion for counsel fees on appeal in the sum of $100.

Reversed as to the award of maintenance.

---

4. 186 A.2d at 626 (footnotes renumbered).

5. Melvin v. Melvin, 76 U.S.App.D.C. 56, 57, 129 F.2d 39.

6. Brown v. Brown, 74 App.D.C. 309, 122 F.2d 219; Miller v. Miller, D.C.Mun. App., 180 A.2d 888, 890; Johnson v. Johnson, D.C.Mun.App., 179 A.2d 720, 721.